ROBERT P. SMITH, Chief Judge.
We affirm the circuit court’s order changing the venue of this paternity suit from Liberty County, where the plaintiff mother filed the action, to Leon County. By virtue of Section 742.021, Florida Statutes (1979), plaintiff was entitled to select venue as between “the county in which the woman resides or the county in which the alleged father resides.” Because venue was properly laid in Liberty County, where the mother lived at the time of filing, the defendant father was not entitled as of right to venue in Leon County, notwithstanding that other litigation affecting another child of the parties was already pending there. But for the convenience of the parties or witnesses and in the interest of justice, the court was empowered to change venue, Section 47.122, and here the court did so to consolidate the related litigation and because both parties resided, at the time of the transfer, in Leon County. That Section 742.021 grants the woman the initial choice of venue in paternity proceedings does not compromise the court’s power, in these as in other civil cases, to change venue upon a proper showing. See Paulet v. Hickey, 206 So.2d 29, 30 (Fla.2d DCA 1968).
AFFIRMED.
McCORD and BOOTH, JJ., concur.