708 So.2d 293 (1998)
J.L.S., Appellant,
v.
R.J.L. and State of Florida, Department of Revenue, Appellees.
No. 97-03450.
District Court of Appeal of Florida, Second District.
February 13, 1998.
Rehearing Denied March 26, 1998.
Rex Golden, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellees.
NORTHCUTT, Judge.
We reverse a nonfinal order transferring venue of this paternity suit from Polk County *294 to Gadsden County, and we remand for a hearing on the question whether venue should be transferred pursuant to section 47.122, Florida Statutes (1995).[1]
In February 1996, J.L.S. filed in Polk County a petition alleging that he is the biological father of a child born out of wedlock to R.J.L., and seeking an adjudication of paternity.[2] R.J.L. filed a pro se motion to transfer venue to Gadsden County. She attached her affidavit averring that she and the child reside in Gadsden County, that her relationship with J.L.S. occurred there, and that all of the witnesses to the relationship reside there. R.J.L. contended that she and all the potential witnesses would be severely inconvenienced if the action were to be maintained in Polk County. R.J.L.'s motion and affidavit included a certificate of service reflecting that they were mailed on April 9, 1996, and that a copy was served by mail to J.L.S. The documents were filed by the circuit court clerk on April 15.
On April 10, the Florida Department of Revenue, apparently proceeding on behalf of R.J.L., sent another motion to transfer venue. This motion made two unverified allegations: first, that R.J.L. resides permanently in Gadsden County, Florida; second, that "[b]oth parties agree on the change of venue to Gadsden County, Florida." The Department's motion was not accompanied by any documentation of J.L.S.'s alleged agreement to the venue change. The motion contained no certificate of service, and apparently it was sent directly to the circuit judge in Polk County. At its foot was a proposed order transferring venue to Gadsden County based on the court's finding that both parties agreed to the transfer. The circuit judge signed the order on April 15, without a hearing. The motion and order were file-stamped by the clerk the next day.
The order must be reversed because J.L.S. was deprived of due process of law when the court entered the order without notice or hearing. See Hewitt Contracting Co. v. Joyner Electric, Inc., 616 So.2d 190 (Fla. 5th DCA 1993). To be sure, it seems clear that the court was misled into believing that all parties had agreed to the change of venue, and that no hearing was necessary. But the Department's allegation of an agreement was unsworn and undocumented, and the motion did not reflect that a copy of it had been furnished to J.L.S. Especially in light of Florida Rule of Judicial Administration 2.060(h), the court should have had some independent verification of J.L.S.'s agreement to the change of venue before granting the Department's motion without a hearing.[3]
The Department argues that we should affirm the venue order because the circuit court "conceivably" entered it based on R.J.L.'s pro se motion. It is a disingenuous suggestion in light of the fact that the order was written at the foot of the Department's motion, and it was expressly based on the Department's allegations that R.J.L. resides in Gadsden County and that the parties had agreed to a venue change; it made no mention of the additional assertions made in R.J.L.'s motion. In any case, J.L.S. would have been entitled to be heard on R.J.L.'s motion, as well. The order transferring venue must be reversed regardless of which motion gave rise to it.
That said, we note that R.J.L.'s motion alleges matters that could support a venue change. Venue in a paternity action lies in the circuit court for the county in which either the plaintiff or defendant resides. See § 742.021, Fla. Stat. (1995). J.L.S.'s initial election of venue was proper because he resides in Polk County. See Magee v. Liberty *295 Mut. Ins. Co., 366 So.2d 827 (Fla. 4th DCA 1979). Still, upon a sufficient showing, the circuit court is empowered to transfer the case to another proper venue for the convenience of the parties or witnesses, or in the interest of justice. See § 47.122, Fla. Stat. (1995); Stewart v. Coleman, 413 So.2d 93 (Fla. 1st DCA 1982).
Whether to order a venue change on those grounds is a matter within the sound discretion of the court. When making that determination, the court must give due deference to the plaintiff's forum selection; while it is not the paramount consideration, it is a meaningful one in assessing the convenience of the parties. The plaintiff's choice of venue is presumptively correct, and the burden is clearly upon the party seeking a change of venue to demonstrate the impropriety of the plaintiff's selection. See Hu v. Crockett, 426 So.2d 1275, 1278 (Fla. 1st DCA 1983).
We reverse the order transferring venue of this case, and we remand for a proper hearing on the question whether venue should be transferred for the convenience of the parties or witnesses, or in the interest of justice.
Both parties have argued the effect of a clerk's default that was entered three days prior to the filing of R.J.L.'s motion to transfer venue. J.L.S. contends that the default should foreclose a change of venue. The Department maintains that the default was entered improperly and should be set aside. These arguments have not been posed to the circuit court. For that reason, we decline to address them, and our decision is without prejudice to the parties' rights to advance these positions in the circuit court on remand.
J.L.S.'s request in his brief that we order R.J.L. to pay his appellate attorney's fees is denied.
Reversed and remanded for further proceedings.
PARKER, C.J., and PATTERSON, J., concur.
NOTES
[1] Gadsden County lies within the appellate jurisdiction of the First District Court of Appeal. The appeal is properly lodged in this court, which has appellate jurisdiction over the circuit courts in Polk County, because the notice of appeal was filed prior to the payment of the fees and costs necessary to effectuate the change of venue. See Vasilinda v. Lozano, 631 So.2d 1082, 1087 (Fla. 1994).
[2] Although this appeal does not arise from a termination of parental rights proceeding, we follow Florida Rule of Appellate Procedure 9.146(e) in referring to the parties by initials.
[3] Florida Rule of Judicial Administration 2.060(h) provides, in pertinent part: "No private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any force unless the evidence of it is in writing, subscribed by the party or the party's attorney against whom it is alleged."