ALTENBERND, Judge.
Harry Dillon Madonna appeals the trial court’s nonfinal order denying his motion to dismiss the amended complaint for lack of jurisdiction over his person. We conclude that the trial court erred in failing to conduct an evidentiary hearing as required by Venetian Salami Co. v. Parthenais, 554 *991 So.2d 499 (Fla.1989), to resolve the issues of fact relating to personal jurisdiction.
Robert Lee Gaynor was a resident of a nursing home known as Pasadena Manor for a period of a year beginning in October 2007. During that year, the home allegedly was negligent in its care of Mr. Gaynor. He apparently suffered falls, decubitus ulcers, and other health issues relating to hygiene. Mr. Gaynor, by and through Classie Gaynor, his guardian de son tort, filed this action alleging negligence, breach of fiduciary duty, and statutory violations of section 415.1111, Florida Statutes (2007).
According to the amended complaint, the nursing home was owned by LTCSP-Pasadena, LLC, which is the entity that holds the license for this home. Long Term Care Institute of St. Petersburg, LLC, is a Delaware limited liability company that allegedly is an owner of LTCSP-Pasadena, LLC, and an entity that managed and oversaw the nursing home. Likewise, Florida Institute for Long Term Care, LLC, allegedly is an owner of LTCSP-Pasadena, LLC, and an entity that managed and oversaw the nursing home. Senior Health Management-Florida, LLC, is a Florida limited liability company that allegedly was “a management company” for the nursing home. The named individual defendants, including Mr. Madonna, are all associated in one fashion or another with one or more of the limited liability companies. From the amended complaint, it appears that all of the individual defendants are management-level personnel. None of the named defendants appear to be nurses or other employees at the nursing home who would have directly cared for Mr. Gaynor.
Mr. Madonna is a Pennsylvania resident who allegedly serves as the president and manager of all of the entities involved in operating and managing the nursing home except for Senior Health Management, LLC. The complaint alleged in rather general terms that he is one of the “Defendants” who committed negligence, breach of fiduciary duty, and statutory violations.
Initially, Mr. Gaynor could seek to obtain jurisdiction over Mr. Madonna, a nonresident defendant, “by pleading the basis for service in the language of the statute without pleading the supporting facts.” Venetian Salami Co., 554 So.2d at 502; see also Fla. R. Civ. Pro. 1.070(h). The amended complaint contained three theories of jurisdiction under Florida’s long-arm statute, two alleging specific jurisdiction and one alleging general jurisdiction. See § 48.193(1), (2), Fla. Stat. (2007). First, the complaint alleged that Mr. Madonna is the managing member of three of the limited liability companies involved in the operation and management of Pasadena Manor and that he was thereby doing business in Florida. See § 48.19S(l)(a). Second, it alleged that Mr. Madonna had committed tortious acts against Mr. Gay-nor in Florida. See § 48.193(l)(b). Finally, it alleged that Mr. Madonna engaged in substantial and not isolated activities within the State of Florida through his ownership of and involvement with nursing homes in Florida, including Pasadena Manor. See § 48.193(2).
Mr. Madonna filed a motion to quash service of process and to dismiss the amended complaint for lack of personal jurisdiction. He contended that Florida lacks jurisdiction over his person because (1) he is protected from personal jurisdiction under the corporate shield doctrine and (2) he has insufficient minimum contacts with the State of Florida. Both parties filed affidavits supporting their positions. These affidavits alleged complex facts that are in direct conflict and cannot be reconciled.
*992 The trial court conducted a hearing on Mr. Madonna’s motion. The transcript reflects some confusion as to whether this hearing was required to be an evidentiary hearing. Nevertheless, it is clear that the trial court never received testimony or evidence. The order denying the motion contains no reasoning and does not explain how the trial court resolved the disputed issues of fact. Because the order does not assert the bases for the ruling, we cannot determine whether the trial court relied on one theory of personal jurisdiction or on all three theories. Although the nature of the evidentiary hearing on personal jurisdiction contemplated by the Florida Supreme Court in Venetian Salami is, by definition, to be “limited,” we cannot conclude that the proceeding in the record was sufficient to satisfy the requirement of a “limited evidentiary hearing” to determine the issue of personal jurisdiction. See Venetian Salami, 554 So.2d at 503.
As to Mr. Gaynor’s first theory of jurisdiction, it is plausible that because of Mr. Madonna’s ownership of and involvement with the Florida entities operating and managing Pasadena Manor, he is “[ojper-ating, conducting, engaging in, or carrying on a business or a business venture in this state” sufficient to subject him to specific personal jurisdiction under section 48.193(l)(a). However, without a resolution of the factual issues by the trial court, this record lacks any factual determination to support the trial court’s denial of Mr. Madonna’s motion to dismiss.[1]
Concerning the corporate shield doctrine, to overcome this defense as to the theory of jurisdiction under section 48.193(l)(b), Mr. Gaynor would need to establish that Mr. Madonna “personally” committed the alleged tortious acts in Florida. See Doe v. Thompson, 620 So.2d 1004, 1005-06 (Fla.1993). The allegations of the amended complaint are somewhat general and do not specify acts personally committed by Mr. Madonna. On remand, if Mr. Gaynor wishes to establish this theory of jurisdiction, it may be appropriate for the trial court to require him to allege the tortious acts committed in Florida by Mr. Madonna personally with greater specificity. At this point, however, we cannot determine the factual basis relied upon by the trial court to decide that Mr. Madonna personally committed tortious acts or statutory violations in Florida.
As to Mr. Gaynor’s final theory of jurisdiction, it is plausible that Mr. Madonna’s ownership of and involvement with nursing homes in Florida, including but not limited to Pasadena Manor, show that Mr. Madonna has “initiated and maintained continuous and systematic business contacts” with this state sufficient to establish general jurisdiction. See Oldock v. DL & B Enters., Inc., — So.3d -, 2011 WL 4467636 (Fla. 2d DCA 2011); see also May v. Needham, 820 So.2d 430, 431 (Fla. 4th DCA 2002). Although Mr. Madonna’s affidavit alleged that he does not “personally own, operate, manage or consult with nursing homes, including Pasadena Manor, within the State of Florida,” Mr. Gaynor’s competing affidavit alleged that Mr. Madonna is the president and manager of “at least [twenty-eight] other Florida LLCs with their principal place of business in Florida,” all of which operate nursing homes in Florida. Because this factual *993 dispute was not resolved by the trial court at an evidentiary hearing, we cannot determine from this record whether there is factual support for the trial court’s denial of Mr. Madonna’s motion.
Therefore, we reverse and remand for a proper evidentiary hearing to determine the issue of personal jurisdiction.[2] Because the facts and the factual disputes related to personal jurisdiction are complex, we recognize that it may be necessary for the parties to engage in discovery limited to the jurisdictional facts prior to the evidentiary hearing. See McMillan v. Troutman, 740 So.2d 1227, 1229 (Fla. 4th DCA 1999).
Reversed and remanded.
KHOUZAM and MORRIS, JJ., Concur.

. We are aware that Mr. Madonna has been a party in past nursing home litigation in the trial court and that he has appeared as a petitioner in this court in one such case in which he did not raise the issue of personal jurisdiction. See Fla. Inst, for Long Term Care, LLC v. Estate of Marchetta, 6 So.3d 63 (Fla. 2d DCA 2009) (table decision). We note that Mr. Madonna's failure to raise the issue of personal jurisdiction in prior litigation does not equate to doing business in Florida and that it is not a waiver of the issue in this case.

. We are aware that this court recently reversed two orders denying motions to dismiss for lack of personal jurisdiction in nursing home litigation similar to this case. See Schwartzberg v. Brown, - So.3d -, 2012 WL 2361510 (Fla. 2d DCA 2012); Schwartzberg v. Knobloch, 2012 WL 1698746 (Fla. 2d DCA 2012). Those cases are distinguishable from this one in that the defendants apparently had only a remote ownership interest in the nursing homes, whereas here, Mr. Gaynor has alleged that Mr. Madonna has a direct ownership interest in and direct management involvement with the entities involved in operating and managing Pasadena Manor. The allegations in this case were disputed in competing affidavits, thereby creating the need for a proper evidentiary hearing.