TORPY, J.
Appellant challenges the order transferring his supplemental petition to modify *936 child support from Putnam County to Hillsborough County. The supplemental petition sought to modify support orders entered in a paternity action that originated in Hillsborough County. We affirm.
In 1996, Appellee filed a paternity action against Appellant in Hillsborough County. The Hillsborough court determined paternity and ordered Appellant to pay child support. In 2010, Appellant filed a petition in Hillsborough County to reduce child support, claiming that he had become permanently disabled. The Hillsborough court denied Appellant’s petition and ordered him to pay Appellee’s attorney’s fees and costs.
In early 2011, Appellee’s counsel informed Appellant that Appellee intended to file a supplemental petition in Hillsbor-ough County seeking an increase in child support. Appellee’s counsel contacted Appellant as a courtesy in an effort to resolve the dispute prior to further litigation. In response, Appellant hired counsel, who filed the instant petition in Putnam County. The petition named Appellee as “Plaintiff’ and Appellant as “Defendant.” Appellant claimed that the circumstances had changed since the 2010 order in that he had now been “declared” disabled and was unable to pay child support without a reduction. The alleged declaration was apparently made by the Social Security Administration.[1] Curiously, Appellant’s petition also contained allegations regarding venue, including that the witnesses and doctors who would testify resided in “Northeast Florida,” and that Appellant was not physically able to travel to Hills-borough County.
Appellee then filed her supplemental petition to increase child support in Hillsbor-ough County. She also filed a verified motion to transfer in Putnam County, requesting that court to transfer Appellant’s petition to modify child support to Hills-borough County. The motion to transfer outlined the procedural history of the paternity action since it was filed in 1996. It alleged that the proper forum for the action was in Hillsborough County, where the court had retained jurisdiction for the purpose of modifying and enforcing its orders and judgments.
On August 2, 2011, the Putnam court held an evidentiary hearing on the motion to transfer. Appellee’s counsel tendered the verified motion in lieu of evidence and both counsel presented argument that included factual assertions offered without objection. Appellee argued that venue in Hillsborough County was proper and all related proceedings should remain in Hills-borough County. Appellant countered that the Putnam court should transfer the Hillsborough County, arguing:
And the Resor[2] case does change the law regarding the venue in paternity action, and does allow the court to consider a change of venue based on 47.122, and what has been popularly known as forum non conveniens, or what, in the interests of justice, for the convenience of the parties or witnesses, is to be relevant, as far [as] transferring a civil action. The only issue ... that the court would have to consider is whether or not [Appellant] does have a medical condition which no longer permits him to earn the monies that he previously earned that was the basis for the existing support order. With that, your hon- *937 or, the witnesses to this issue are all in Northeast Florida....
The trial court agreed to reserve ruling on the motion to transfer venue until after August 17, because the parties represented that they were close to resolving the matter.
After the parties failed to announce a settlement, the Putnam court scheduled a case management conference for September 27, 2011. During the conference, Appellant’s counsel attempted to file a partial deposition of Appellant’s doctor in support of his venue argument. The trial court sustained Appellee’s objection to the deposition because the venue hearing had closed in August. Thereafter, the trial court entered a written order changing venue to Hillsborough County. In its order, the trial court made the following finding:
The evidence shows that the case was originally filed in 1996 in Hillsborough County and that is where all litigation has been held. At the beginning of this year [Appellee] planned to file a Supplemental Petition in the case. However, out of professional courtesy, her counsel contacted [Appellant] in an attempt to work out the issue. Upon being informed of the motion, [Appellant] immediately filed a Supplemental Petition here in Putnam County to take jurisdiction from Hillsborough County. The court finds [Appellant’s] actions to be legal posturing through gamesmanship and an attempt to be clever in two counties ....
In its order, the trial court addressed the legal issue Appellant framed and argued it. The court reiterated Appellant’s contention that, based on section 47.122, it could transfer the action to Putnam County to accommodate the convenience of the witnesses. It concluded, however, that Appellant’s argument was erroneous because Appellant’s requested change of venue should have been filed in Hillsborough County. The trial court said:
Based on [Appellant’s] own case law, the proper procedure would be for [Appellant] to file this motion in Hillsborough County seeking to transfer the case to Putnam. On the contrary, [Appellant] is asking the Putnam Court to transfer the case from Hillsborough to Putnam. Only the Hillsborough Court has the jurisdiction to transfer the case from Hillsborough to Putnam....
It is axiomatic that our review is limited to the issues properly presented to the trial court and that Appellant raised in his brief. Herskovitz v. Hershkovich, 910 So.2d 366 (Fla. 5th DCA 2005). Absent fundamental error, arguments not presented to the trial court may not be considered for the first time on appeal. Gliszczynski v. State, 654 So.2d 579, 580 (Fla. 5th DCA 1995). Nor can we consider errors that the complaining party invited. Tate v. Tate, 91 So.3d 199 (Fla. 2d DCA 2012). Here, Appellant raises two issues on appeal, regarding (1) the August 2, 2011 hearing, and (2) venue. First, Appellant presents a generalized claim that the trial court erred by not taking evidence at the August 2, 2011 hearing. This claim of error is not preserved for review because Appellant did not object when the court considered the verified motion and counsel’s factual assertions at the hearing. See Reddick v. Reddick, 728 So.2d 374, 376 (Fla. 5th DCA 1999) (opining that trial court’s reliance on document not in evidence, contents of which were argued without objection, not preserved for review). Appellant further claims that the trial court erred by refusing to reopen the hearing to consider his doctor’s deposition. Appellant fails to demonstrate an abuse of discretion on this point. The trial court patiently allowed both parties to conclude *938 their presentations at the August 2, 2011 hearing. The court clearly communicated its intent to rule on the merits of the motion without further hearing if settlement could not be reached. Appellant never requested that the hearing remain open until after the completion of discovery. Finally, the deposition, even if considered, would not have affected the outcome on the venue issue.
Secondly, citing P.A.G. v. A.F., 602 So.2d 1259 (Fla.1992), Appellant argues that venue was proper in Putnam County because a modification of a paternity support order is maintained under section 61.14, Florida Statutes, which provides several alternative venues, including where either party resides. Although this argument is premised on a correct statement of the law, it is not preserved for our review because it was not argued below, and the purported error was invited by Appellant’s incorrect argument to the trial court.[3] Appellant’s entire argument below was based on his assumption of the burden to justify a transfer of the action from Hillsborough County to Putnam County. Appellant never argued that his petition was a new action and that venue was proper in Putnam County. The trial court ruled that Appellant’s request for transfer should have been made in Hillsborough County.[4] That was the correct ruling on the argument presented.
Assuming Appellant had preserved his argument and not invited the error, we would affirm nevertheless. Although venue in Putnam County was not improper, pursuant to section 47.122, Florida Statutes, the trial court had the discretion to transfer the action to Hillsborough County in the interest of justice. Stewart v. Coleman, 413 So.2d 93, 93 (Fla. 1st DCA 1982). Based on the findings made by the trial court, the decision to transfer the action back to. Hillsborough County fell within the bounds of the court’s discretion.
AFFIRMED.
LAWSON, J., concurs.
GRIFFIN, J., dissents with opinion.

. Appellee contends that the declaration by the Social Security Administration does not give rise to a change of circumstances and is irrelevant and inadmissible hearsay evidence. We need not address these points in this appeal.

. Resor v. Welling, 44 So.3d 656 (Fla. 5th DCA 2010).

. We may consider lack of preservation as a basis to affirm even in the absence of a specific argument on that point by Appellee. Food Lion, L.L.C. v. Henderson, 895 So.2d 1207 (Fla. 5th DCA 2005).

. The trial court also determined that Appellant did not satisfy his burden.