GRIFFIN, J.,
dissenting.
I respectfully dissent.
Mann filed his petition for modification of a paternity support order, pursuant to section 61.14, Florida Statutes, in his home county of Putnam. Indisputably, this was a statutorily authorized venue choice. Venue was proper in Putnam County. The majority concedes this point.
In response to the filing of Mann’s petition in Putnam County, Yeatts did two things: she filed her own action in Hills-borough County, where she resided, and she filed a motion to transfer Mann’s case to the Thirteenth Judicial Circuit. Yeatts’ motion to move the case to Hillsborough was based on a single proposition: that because the proceedings between the parties began as a paternity action in Hills-borough County, the Putnam County Circuit Court “lacked jurisdiction” to hear Mr. Mann’s newly filed modification petition. This argument was also the only argument asserted by Yeatts’ counsel during the hearing. Yeatts’ counsel specifically argued that section 61.14 did not apply to the case because it was a paternity action. Yeatts’ counsel made no mention of moving the case to Hillsborough County *939 pursuant to section 47.122, Florida Statutes (“forum non conveniens ”). The trial court accepted Yeatts’ “improper venue” argument and expressly ruled in the appealed order:
Based on the evidence presented, argument of the parties, and prevailing case law, the court finds the petitioner should have filed his motion in Hillsborough County, rather than Putnam.
Not content with this erroneous ruling, however, the trial judge went on to rule further:
Even if Putnam were the proper filing location, the respondent [Mann] failed to prove a substantial inconvenience or undue expense.
This ruling is nonsensical on its face. If Putnam County were the proper filing location, Mann would have no burden to prove anything, much less a substantial inconvenience or undue expense in order to move the ease to Putnam County pursuant to section 47.122. The case was already in Putnam County. It was not Mann who would be seeking to transfer venue out of Putnam County; it would have to be Yeatts who would be attempting to move the case from Putnam County to Hillsborough County. The burden would be on Yeatts, not Mann. Yeatts, however, never made a forum non conve-niens motion or a forum non conveniens argument at the hearing. Not one iota of forum non conveniens evidence was offered. Transferring the case to Hillsbor-ough County, based upon what was before the court, was (or should have been) a legal impossibility. The venue privilege to file in Putnam belonged to Mann and the (unmet) burden to transfer the case was on Yeatts. The appealed order was completely wrong and should be reversed.
In Brown v. Nagelhout, 84 So.3d 304, 308-09 (Fla.2012), the Supreme Court of Florida recently affirmed that:
A defendant wishing to challenge the plaintiffs selection has “the burden of pleading and proving that the venue is improper.” Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100, 102 (Fla.1955). “When a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiffs venue selection under section 47.011, the trial court must resolve any relevant factual disputes and then make a legal decision whether the plaintiffs venue selection is legally supportable. McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc., 39 So.3d 504, 508 (Fla. 4th DCA 2010) (citing PricewaterhouseCoopers LLP v. Cedar Resources, Inc., 761 So.2d 1131, 1133 (Fla. 2d DCA 1999)). “The trial court’s legal conclusions in this regard are reviewed de novo.” Id.
With this mandate in mind, a recap is in order.
1. Did Yeatts plead and prove that venue was improper? — Plead—yes; prove — no.
2. Did the trial court resolve any relevant factual disputes? — No.
3. Did the trial court make a legal decision whether the plaintiffs venue selection is supportable? — Yes, albeit the wrong one.
4. Has this court reviewed the trial court’s legal conclusion that venue was improper de novo? — No.
This Court has concluded that these errors do not matter because, during the hearing, Mann’s counsel failed to tell the trial court that his client’s choice of venue was legal.
Contrary to the majority’s view, this is not a “preservation of error” problem. When a defendant files a motion to change an improper venue, the question is purely a legal one. That is why the supreme court says we are to review it de novo. If *940 venue is not improper, we must affirm. It is ironic that Mann lost his venue privilege because, according to the majority, Mann’s counsel made the wrong argument. Yeatts’ motion was based on the wrong law, Yeatts’ counsel’s argument was completely erroneous and the trial judge was 100% wrong, but it is Mann — who had no burden at the hearing — who loses his venue choice because his lawyer kept telling the trial judge the cases needed to be in Putnam because his client was too ill to litigate in Hillsborough and all his witnesses were in northeast Florida. Admittedly, counsel for Mann made a garbled argument, but he never waived the right to a correct ruling on Yeatts’ motion, and he certainly never waived his client’s venue rights.[5] Perhaps if Yeatts’ attorney had filed a legally supportable venue motion, i.e., one that raised the only viable ground, which was a section 47.122 transfer, the hearing would have gone differently. Instead, after hearing counsel for Yeatts’ “improper venue” argument, the trial court announced that Yeatts, not Mann, had the discretion to decide where the case should go ... and things went downhill from there.
The majority also errs in its final conclusion that, notwithstanding the trial court’s erroneous ruling on Yeatts’ motion and the nonsensical allocation of the burden of showing inconvenience on the non-moving party, the trial court had the discretion to transfer the action to Hillsborough County “in the interest of justice.” First, the trial court never made such a ruling. Second, Yeatts made no motion on this basis and no evidence was offered.
The majority cites Stewart v. Coleman, 413 So.2d 93 (Fla. 1st DCA 1982), for the unremarkable proposition that venue may be changed for the convenience of the parties or witnesses or in the interest of justice. That is what section 47.122 says; but as Stewart points out, venue can only be changed under section 47.122 “upon a proper showing.” (Emphasis added).
A trial court may sua sponte raise the issue of forum non conveniens under section 47.122; however, it is a denial of due process for a trial court to take such an action without proper notice and opportunity for both parties to be heard. Where a defendant moves to transfer a case based solely on improper venue, but the trial court decides to change venue for reasons of convenience and judicial economy, the trial court has to give the parties notice and the right to be heard on the section 47.122 criteria. McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc., 39 So.3d 504, 510-11 (Fla. 4th DCA 2010). This was never done.
What makes this case truly unique is that it is the appellate court that sua sponte has decided that the “interest of justice” requires a venue transfer to Hills-borough County. No notice, no hearing, no evidence — not a problem. Here, the trial court’s order never mentioned the “interest of justice,” much less that it could be a basis to move the case to Hillsbor-ough County. The trial court simply ruled that the case should have been filed in Hillsborough County and that Mann failed to prove a substantial inconvenience or undue expense sufficient to warrant moving the case to Putnam County.
So, a lawsuit filed in Putnam County, in accordance with the venue privilege set forth in Florida Statutes, has been moved to Hillsborough County based on the appellate court’s sua sponte conclusion that it *941 would be “in the interest of justice” to do so. Presumably, the majority is of the view that this case should be in Hillsbor-ough County since the earlier litigation was in Hillsborough County. I respectfully suggest that this is not a decision we are empowered to make. On the bright side, however, there is no doubt that this decision will make venue appeals much easier to review. We only need ask ourselves, “Where, in the interest of justice, should this case be tried?”

. In defense of Mann’s counsel, it should be pointed out that he and Yeatts' counsel had filed an agreed motion to continue the venue hearing because of outstanding discovery, but the trial court insisted on going forward.