NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


VOLKSWAGEN AKTIENGESELLSCHAFT )
d/b/a VOLKSWAGEN AG, )
                      )
      Appellant, )
                      )
v. )      Case No. 2D15-5716
                      )
CAROL JONES, individually and as )
personal representative of the Estate of )
Kenneth Jones, deceased, )
                      )
      Appellee. )
                      )

Opinion filed May 17, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Ronald Ficarrotta, Judge.

Robert E. Biasotti and Christine R. O'Neil
of Biasotti and Associates, St. Petersburg,
for Appellant.

Paulo R. Lima, David A. Jagolinzer, and
Janpaul Portal of The Ferraro Law Firm,
P.A., Miami, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

           Volkswagen Aktiengesellschaft (VWAG) seeks review of an interlocutory

order denying its motion to dismiss for lack of personal jurisdiction a complaint filed

against it.[1]  We reverse the trial court's order because Mrs. Jones did not establish that VWAG has the requisite minimum contacts with Florida for the exercise of personal jurisdiction to comport with due process, and we remand for the trial court to consider in the first instance Mrs. Jones's February 19, 2015, motion to compel to the extent that the motion sought discovery relevant to personal jurisdiction.

## I.  PROCEDURAL HISTORY

In 2009, Kenneth and Carol Jones filed suit against sixteen defendants, including Volkswagen Group of America, Inc. (VWOA), alleging that Mr. Jones had developed mesothelioma as a result of his exposure to asbestos-containing products that the defendants had manufactured, distributed, and sold.  The Joneses' theory was that Mr. Jones had been exposed to these products in the course of both his career in the automotive industry in upstate New York and his work on his personal vehicle—a 1987 Volkswagen Quantum that had been given to him upon his retirement—in Florida.  Mr. Jones died while the case was pending, and Mrs. Jones, individually and as personal representative of Mr. Jones's estate, filed an amended complaint against the same defendants.  VWAG was not named as a defendant in either complaint.

In October 2011, Mrs. Jones moved to add VWAG as a defendant.  The trial court granted the motion, and Mrs. Jones filed a second amended complaint adding VWAG.  VWAG moved to quash service of process, asserting that Mrs. Jones had failed to comply with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T.

---

[1]We have jurisdiction.  See Fla. R. App. P. 9.030(b)(1)(B), 9.130(a)(3)(C)(i).

361 (hereinafter Hague Convention). See also § 48.194(1), Fla. Stat. (2011) (providing that service of process on persons outside United States may be required to conform to provisions of Hague Convention).

After Mrs. Jones effected service, VWAG filed an answer, asserting, as an affirmative defense, that the Florida courts lacked personal jurisdiction over it. On February 19, 2015, Mrs. Jones moved pursuant to Florida Rule of Civil Procedure 1.310(b)(6) to compel VWAG to produce its designated corporate representatives for deposition duces tecum on matters "relevant to the issues of jurisdiction and/or liability and causation." A week later, VWAG moved to dismiss the complaint based on a lack of personal jurisdiction, and it submitted a supporting affidavit from Ian Ceresney, who has been VWAG's corporate counsel in the United States for more than thirty-five years (the Ceresney affidavit). Mrs. Jones opposed the motion and moved for sanctions pursuant to section 57.105, Florida Statutes (2014); she submitted a supporting affidavit from Gabriel Saade, who is a law clerk employed by her counsel (the Saade affidavit), and multiple other documents.[2]

---

[2]These other documents included her counsel's letters to VWAG pursuant to section 57.105; what purportedly were excerpts from Mr. Jones's 2009 deposition; copies of correspondence between the parties; a copy of her unverified second amended complaint; the prior order from this case quashing service of process but denying dismissal as premature; excerpts of depositions of a VWOA corporate representative, Robert Cameron, in unrelated cases in which VWAG was not a party; an affidavit of Scott McConnell that pertains to codefendants Honeywell Deutschland GmbH, Honeywell Bremsbelag GmbH f/k/a AlliedSignal Bremsbelag GmbH f/k/a Jurid Werke GmbH, and Honeywell Aftermarket Europe GmbH's (collectively, Honeywell Germany); a deposition of codefendants Honeywell Germany's corporate representative; and the deposition of the former President and CEO of VWOA taken in an unrelated case.

In light of the volume of Mrs. Jones's filings and the complexity of the issues involved, VWAG requested that the court hold an evidentiary hearing on its motion to dismiss. Mrs. Jones "reluctantly" agreed to an evidentiary hearing and submitted additional materials[3] in advance of the hearing. Mrs. Jones's motion to compel was noticed for hearing at the same time.[4]

At the "evidentiary hearing," VWAG relied solely on the Ceresney affidavit, and Mrs. Jones's counsel presented a Power Point presentation and relied on Mrs. Jones's previous filings. Mrs. Jones asked the trial court for "leave . . . to take discovery based on personal jurisdictional facts, including the corporate representative of [VWAG]," if the court "were not inclined to just deny the Motion to Dismiss outright." There was no testimony at the hearing, and the trial court did not receive anything into evidence. At the conclusion of the hearing, the court said only: "Defendant Volkswagen AG's Motion to Dismiss for Lack of Personal Jurisdiction is denied. I make a specific finding that there was no waiver [of the defense of lack of personal jurisdiction] on their

---

[3]These materials included duplicates of some of the items described in the previous footnote, in addition to the following: copies of VWAG's answers to interrogatories in an unrelated New York case; VWOA's answers to interrogatories in an unrelated California case; correspondence from VWOA to the United States Environmental Protection Agency; a copy of a Volkswagen Magazine advertisement; a copy of what appears to be a screen print of an internet search for anything related to VWAG and Florida; a document that appears to be a comprehensive listing of VWAG's interests in various global subsidiaries; a copy of a Power Point presentation presented at an automobile industry conference in 2012; an article, allegedly from VWAG's website, lauding Audi's inroads into "piloted" (driverless) vehicles and highlighting Audi's accomplishment as the first automaker to conduct a "piloted vehicle" test on a public road (on the Lee Roy Selmon expressway in Tampa); and a copy of a 1967 brochure listing Volkswagen distributers and dealers in North America.

[4]The record reflects much squabbling between the parties regarding both the nature of the hearing and Mrs. Jones's need for and access to jurisdictional discovery. Absent any findings by the circuit court, we decline to wade into those areas.

- 4 -

part, but I find there is sufficient evidence of specific jurisdiction." The court made no statements from which we might obtain some insight into the rationale for its ruling; nor did it do so in its written order, in which it simply reiterated its conclusion and also denied Mrs. Jones's motion for sanctions. The trial court granted Mrs. Jones's motion to compel with respect to merits discovery (as the need for jurisdictional discovery was now moot) but agreed to stay the order pending appeal.

VWAG timely appealed.

## II. THE PARTIES' ARGUMENTS ON APPEAL

On appeal, VWAG argues that (1) the complaint failed to establish personal jurisdiction under Florida's Long-Arm Statute, (2) Mrs. Jones failed to refute any of the factual allegations included in the affidavit attached to its motion to dismiss, and (3) the exercise of jurisdiction in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Mrs. Jones argues that (1) notwithstanding the trial court's finding to the contrary, VWAG waived its right to challenge personal jurisdiction, (2) the affidavit attached to VWAG's motion to dismiss was not legally sufficient, (3) her second amended complaint sufficiently pleaded jurisdiction under section 48.193(1)(a)(6), Florida Statutes,[5] and (4) the exercise of jurisdiction in this case comports with due process because VWAG, acting both directly and through its agent, VWOA, has the requisite minimum contacts with Florida. Mrs. Jones asks that, if we nonetheless conclude that she has failed to establish personal jurisdiction, we remand "with

---

[5]Formerly section 48.193(1)(f). See ch. 2013-164, § 1, at 2012-13, Laws of Fla.

- 5 -

instructions that the trial court conduct a hearing after [Mrs. Jones] has had the opportunity to take limited jurisdictional discovery, including the deposition of VWAG's corporate representative."

### III.  DISCUSSION

### A.  Personal Jurisdiction and *Venetian Salami*

To invoke the trial court's jurisdiction over a nonresident defendant, a plaintiff must allege in the complaint a basis for personal jurisdiction under the long-arm statute.  See § 48.193; Teva Pharm. Indus. v. Ruiz, 181 So. 3d 513, 516-17 (Fla. 2d DCA 2015).  If pleading a basis for specific jurisdiction[6] under subsection 48.193(1), due process considerations also require the plaintiff to establish that the nonresident defendant "has sufficient minimum contacts with the state so that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice."  Teva Pharm., 181 So. 3d at 516.  To establish sufficient minimum contacts, a plaintiff must establish that the defendant's contacts with the forum state (1) are related to the plaintiff's cause of action or have given rise to it, (2) involve some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, and (3) must be such that the defendant should reasonably anticipate being haled into court there.  Moro Aircraft Leasing, Inc., v. Int'l Aviation Mktg., Inc., 206 So. 3d 814, 817 (Fla. 2d DCA 2016).  Personal jurisdiction over a nonresident parent

---

[6]"Specific jurisdiction" is jurisdiction that is "confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction,' " Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting Arthur T. von Mehren & Donald T. Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L. Rev. 1121, 1136 (1966)), and "requires proof of a causal connection between the plaintiff's claim and the defendant's activity in the state," Erie Ins. Exch. v. Larose, 202 So. 3d 148, 152 (Fla. 2d DCA 2016).

corporation based on the actions of the resident subsidiary can be obtained by establishing that the nonresident parent corporation independently satisfies the test for jurisdiction, that the facts justify piercing the corporate veil, or that the parent exercises a high and very significant amount of control over the subsidiary to render the subsidiary an agent or alter ego of the parent. See Schwartzberg v. Knobloch, 98 So. 3d 173, 182 (Fla. 2d DCA 2012).

The defendant may challenge the jurisdictional allegations in the plaintiff's complaint or raise a contention of minimum contacts by moving to dismiss the complaint and filing legally sufficient affidavits or other sworn proof in support. Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989); Rautenberg v. Falz, 193 So. 3d 924, 928-29 (Fla. 2d DCA 2016). If the defendant's affidavit or sworn proof fully disputes the jurisdictional allegations, then the burden shifts to the plaintiff to prove by affidavit or other sworn proof that there is a basis for personal jurisdiction. Venetian Salami, 554 So. 2d at 502; Rautenberg, 193 So. 3d at 929. If the parties' affidavits and sworn proof can be harmonized, the trial court can determine the jurisdictional issue based on the undisputed facts. Venetian Salami, 554 So. 2d at 502-03; Rautenberg, 193 So. 3d at 929.

If the parties' submissions cannot be harmonized, however, the trial court must hold a limited evidentiary hearing to resolve the jurisdictional issue. Venetian Salami, 554 So. 2d at 503; Rautenberg, 193 So. 3d at 929. At that limited evidentiary hearing, the trial court should receive testimony and evidence, based on which it resolves the factual disputes and determines whether the plaintiff has proven both jurisdiction under section 48.193 and satisfaction of due process considerations. See

Teva Pharm., 181 So. 3d at 521; Madonna v. Gaynor, 95 So. 3d 990, 992 (Fla. 2d DCA 2012); Corporacion Aero Angeles, S.A. v. Fernandez, 69 So. 3d 295, 300 (Fla. 4th DCA 2011) (reversing denial of motion to dismiss following "limited evidentiary hearing" under Venetian Salami because "the [plaintiff] has not shown that jurisdiction can be constitutionally asserted over [the defendant]" (emphasis added)).

We review de novo the trial court's conclusion that it has personal jurisdiction over VWAG. See Rautenberg, 193 So. 3d at 928.

### B. VWAG did not waive the defense of lack of personal jurisdiction

A defendant waives the defense of personal jurisdiction by failing to timely object or by first seeking affirmative relief from the trial court. See Babcock v. Whatmore, 707 So. 2d 702, 704 (Fla. 1998). "Affirmative relief is 'relief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it.' " Faller v. Faller, 51 So. 3d 1235, 1236 (Fla. 2d DCA 2011) (quoting Heineken v. Heineken, 683 So. 2d 194, 197 (Fla. 1st DCA 1996)).

In this case, before filing a responsive pleading, VWAG moved under rule 1.140 to quash service of process for failure to comply with the Hague Convention, and it also moved under rule 1.070(j) to dismiss for failure to timely serve process. In both motions, VWAG explicitly indicated that it was not "waiv[ing] any defenses, including but not limited to personal jurisdiction," but, more importantly, neither motion went to the merits of the case or requested affirmative relief inconsistent with the defense of lack of personal jurisdiction. See McDaniel v. FirstBank Puerto Rico, 96 So. 3d 926, 928 (Fla. 2d DCA 2012) (holding that motion to quash insufficient service of process did not result

- 8 -

in waiver of defense of lack of personal jurisdiction). Consequently, VWAG's filing of these motions did not constitute a waiver of its challenge to personal jurisdiction. Moreover, after service was successfully effected, VWAG alleged lack of personal jurisdiction as an affirmative defense in its timely answer to the complaint. See Fla. R. Civ. P. 1.140(b) (2014) (providing that the defense of lack of personal jurisdiction "may be made by motion at the option of the pleader" but "shall be asserted in the responsive pleading, if one is required" (emphases added)).[7] The trial court, therefore, correctly concluded that VWAG had not waived its challenge to personal jurisdiction.[8]

## C. Specific Jurisdiction and Minimum Contacts

Mrs. Jones concedes that general jurisdiction does not lie and that she is proceeding only on a theory of specific jurisdiction under section 48.193(1)(a)(6), which provides for specific jurisdiction when a defendant

> [c]aus[es] injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> a. The defendant was engaged in solicitation or service activities within this state; or
>
> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or

---

[7]Rule 1.140(b) was subsequently amended to provide that the defense of lack of personal jurisdiction "must be asserted in the responsive pleading, if one is required." In re Amendments to Fla. Rules of Civil Procedure, 199 So. 3d 867, 871 (Fla. 2016) (emphasis added) (effective Jan. 1, 2017).

[8]To the extent that Mrs. Jones argues that VWAG's postanswer motion to dismiss the complaint based on lack of personal jurisdiction constituted an impermissible successive motion under rule 1.140(g), Mrs. Jones did not make this argument to the trial court; therefore, this court will not consider it on appeal. See Mann v. Yeatts, 111 So. 3d 934, 937 (Fla. 5th DCA 2013) ("Absent fundamental error, arguments not presented to the trial court may not be considered for the first time on appeal.").

consumed within this state in the ordinary course of commerce, trade, or use.

Mrs. Jones adequately alleged both specific jurisdiction under the long-arm statute and the requisite minimum contacts with Florida. The second amended complaint alleged that VWAG is a German company with its principal place of business in Wolfsburg, Germany, and that "[a]t all times material to this cause of action, [VWAG] manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which [Mr. Jones] purchased, used[,] and was exposed to in his life, causing [Mr. Jones's] mesothelioma and eventual death" in Florida. It alleged further that VWAG "is a foreign corporation with offices, agents and/or agencies in Florida that now conducts and has conducted significant revenue-producing business in Florida," that it "has derived substantial revenue from intrastate and interstate commerce and could reasonably expect [its] sale and distribution of products to have consequences in Florida or any other state," that its "commercial activities in Florida were not isolated," and that it "has maintained sufficient contacts with Florida and/or transacted substantial revenue-producing business in Florida."

VWAG then satisfied its burden to file a legally sufficient affidavit contesting the jurisdictional allegations in the complaint, see Venetian Salami, 554 So. 2d at 502, by submitting the Ceresney affidavit, which averred:

1. VWAG does not and never has conducted business in the State of Florida, and does not have and never has had any offices, manufacturing plants, distribution or service centers or other facilities in Florida;

2. VWAG does not have, nor had it ever had a general manager in Florida, nor has it ever had any person or subsidiary in Florida who can exercise discretion or control over VWAG;

- 10 -

3. VWAG does not have nor has it ever had any employees, sales representatives, corporate officers, or directors in Florida;

4. VWAG does not have nor has it ever had any bank accounts or a mailing address or telephone number in Florida;

5. VWAG has never been obligated to pay taxes in Florida;

6. VWAG has never been qualified, licensed, authorized, or registered to do business in Florida;

7. VWAG does not have nor has it ever had a registered agent or other person authorized to accept service of process in Florida;

8. VWAG does not have any control over the distribution of its products in the United States; and

9. VWAG ceased production of the "Quantum" model automobile in 1987, and that the last model year in which the Quantum was equipped with asbestos-containing brakes as original equipment was the 1985 model year.

Mrs. Jones argues that the Ceresney affidavit was not based on personal knowledge and, therefore, was not legally sufficient. In this context, however, "legally sufficient" means that "the defendant's affidavit must contain factual allegations which, if taken as true, show that the defendant's conduct does not subject him to jurisdiction." Hilltopper Holding Corp. v. Cutchin, 955 So. 2d 598, 601 (Fla. 2d DCA 2007). Consequently, we decline Mrs. Jones's invitation to look behind the allegations in the affidavit, and we conclude that the assertions in the Ceresney affidavit sufficiently refuted the jurisdictional allegations in the complaint.

The burden then shifted back to Mrs. Jones to prove by affidavit or other sworn proof that a basis for jurisdiction exists, see Venetian Salami, 554 So. 2d at 502, and, as mentioned above, she submitted multiple documents and the Saade affidavit, in

which Mr. Saade attested to his 2014 online search for and purchase of Volkswagen Original Equipment Manufacturer replacement brake pads from a Miami-based auto parts supplier. But before the trial court could compare the parties' submissions and determine whether it could resolve the jurisdictional issue based on undisputed facts, see id. at 502-03, counsel for VWAG requested an evidentiary hearing on the jurisdictional issue. Counsel for Mrs. Jones agreed and, as also mentioned above, submitted the plethora of additional materials in advance of the hearing. Therefore, VWAG invited, and Mrs. Jones failed to preserve, any error in the trial court's failure to make the initial determination contemplated by Venetian Salami before the evidentiary hearing. See Mann v. Yeatts, 111 So. 3d 934, 937 (Fla. 5th DCA 2013) (explaining limitations on review of unpreserved and invited errors).

At the hearing, Mrs. Jones presented these materials to the court in the form of a Power Point presentation, and counsel for both parties merely presented argument based on their prior filings. Although, at oral argument, both parties characterized this presentation as a "limited evidentiary hearing," the trial court failed to receive testimony or other evidence on jurisdiction, and it also failed to announce any findings of fact or explanation for its conclusion that its exercise of personal jurisdiction would be proper. In short, the hearing was wholly inconsistent with the "limited evidentiary hearing" contemplated by Venetian Salami. See Teva, 181 So. 3d at 521 (holding that limited evidentiary hearing under Venetian Salami was required because parties' affidavits and sworn proof could not be reconciled in determining jurisdiction; "[a]lthough the trial court conducted a hearing on the motion to dismiss, it did not receive any testimony or evidence at the hearing"; and "[t]he order denying the motion

to dismiss contains no reasoning and does not explain how the trial court resolved the disputed issues of fact"); Madonna, 95 So. 3d at 992 (explaining that, although evidentiary hearing under Venetian Salami "is, by definition, to be 'limited,' " hearing below was insufficient even under that standard because "the trial court never received testimony or evidence" and "[t]he order denying the motion contains no reasoning and does not explain how the trial court resolved the disputed issues of fact").

We do not reverse for a proper hearing because neither party challenges on appeal the procedure employed below and also because, when viewing any disputed facts in the light most favorable to Mrs. Jones, we are able to conclude that she would have been unable to establish the requisite minimum contacts even if the trial court had conducted such a hearing.[9] See WH Smith, PLC v. Benages & Assocs., Inc., 51 So. 3d 577, 581 (Fla. 3d DCA 2010) (reversing denial of motion to dismiss, which trial court did not base on live testimony but on voluminous discovery, "because, as a matter of law, based on the disputed facts, which we view in the light most favorable to [plaintiff], and the uncontroverted facts, [plaintiff] cannot establish that [defendant parent corporation] was the alter ego of the [defendant subsidiary corporations]"). Nothing that Mrs. Jones presented to the court established that VWAG has sufficient minimum contacts with Florida. First, the only Volkswagen on which Mr. Jones did any work in Florida was his own 1987 Quantum.[10] He personally and unilaterally had brought that car to Florida

---

[9]Because we conclude that Mrs. Jones failed to establish the requisite minimum contacts, we do not address whether she established facts supporting long-arm jurisdiction under section 48.193(1)(a)(6).

[10]In her brief, Mrs. Jones describes her allegation that Mr. Jones was exposed to asbestos in Florida while performing a brake job on the Quantum as "[a] key disputed jurisdictional allegation." At oral argument, however, her counsel asserted that the Quantum was "irrelevant" to the personal-jurisdiction calculus.

from upstate New York, and the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984). Rather, the "defendant's suit-related actions must create a substantial connection with the state before that state can exercise jurisdiction consistent with due process." Teva Pharm., 181 So. 3d at 521-22 (emphasis added) (citing Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471 (1985) ("Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." (footnote and internal citation omitted)). Moreover, nothing in the record indicates that the replacement brakes that Mr. Jones installed in Florida contained asbestos or were even manufactured by VWAG. Indeed, Mr. Jones testified at his deposition that he could not recall what type of replacement brakes he had installed.

Furthermore, although Mrs. Jones relies on an agency or parent-subsidiary theory to attribute to VWAG VWOA's conduct in Florida—specifically, VWOA's maintenance of a "parts distribution center" in Jacksonville since 1967—Mrs. Jones has not established that VWAG exercised the " 'high and very significant' degree of control over [VWOA's] internal day-to-day operations" necessary to support her theory. See Extendicare, Inc. v. McGillen, 957 So. 2d 58, 64 (Fla. 5th DCA 2007). Nor has she established how this "parts distribution center" is related to the conduct giving

- 14 -

rise to this action. See Moro Aircraft Leasing, 206 So. 3d at 817 (explaining that defendant's contacts with forum state "must be related to the plaintiff's cause of action or have given rise to it" (quoting Fernandez, 69 So. 3d at 299)).

Finally, the Saade affidavit establishes, at most, that a Florida resident can order VWAG-manufactured replacement brakes via the internet; it does not establish how those brakes get to Florida. But, even if they were sent directly from VWAG, evidence that a foreign company will fill an online order for a particular product falls far short of establishing that that company has "purposely availed" itself of the privilege of conducting activities within a particular state. To conclude otherwise would explode "the territorial limitations on the power of the respective States," which the United States Supreme Court warned against in Hanson v. Denckla, 357 U.S. 235, 250-51 (1958):

> As technological progress has increased the flow of commerce between States, the need for jurisdiction over nonresidents has undergone a similar increase. At the same time, progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome. In response to these changes, the requirements for personal jurisdiction over nonresidents have evolved from the rigid rule of Pennoyer v. Neff, 95 U.S. 714[ (1877)], to the flexible standard of International Shoe Co. v. [Washington, 326 U.S. 310 (1945)]. But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.

(Internal citation omitted.)

### D. Remedy

Although we conclude that the trial court erred in denying VWAG's motion to dismiss, we do not simply remand for entry of an order dismissing VWAG from suit.

Both in the trial court and on appeal, Mrs. Jones asserted that VWAG thwarted her attempts to conduct limited jurisdictional discovery. She filed her February 19, 2015, motion to compel before VWAG filed its motion to dismiss, but the trial court, having denied VWAG's motion to dismiss, never addressed the motion to compel to the extent that it sought jurisdictional discovery. On appeal, Mrs. Jones requests that we remand for a new hearing after she "has had the opportunity to take limited jurisdictional discovery, including the deposition of VWAG's corporate representative," but doing so would effectively grant her motion to compel, which we may not do in the first instance. See Maynard v. Fla. Bd. of Educ. ex rel. Univ. of S. Fla., 998 So. 2d 1201, 1207 (Fla. 2d DCA 2009) (explaining that we may not rule on questions that trial court never addressed). Accordingly, we remand for the trial court to consider Mrs. Jones's motion to compel, to the extent that it sought jurisdictional discovery, in light of this opinion.

## IV. CONCLUSION

Based on the foregoing, we reverse the trial court's order denying VWAG's motion to dismiss the second amended complaint for lack of personal jurisdiction and remand with directions to consider Mrs. Jones's February 19, 2015, motion to compel to the extent that the motion sought discovery relevant to the issue of personal jurisdiction. If the trial court denies Mrs. Jones's motion to compel jurisdictional discovery, it shall enter an order dismissing VWAG from the suit. If the trial court grants the motion to compel jurisdictional discovery, the court and the parties shall follow the procedure prescribed in Venetian Salami to resolve VWAG's motion to dismiss.

Reversed; remanded with directions.

VILLANTI, C.J., and NORTHCUTT, J., Concur.

- 16 -