SHAHOOD, J.
Appellant, Gerald McMillan, appeals an order of the trial court denying his motion to dismiss for lack of jurisdiction and for forum non conveniens thereby determining that the court has personal jurisdiction over him. We reverse and remand with directions to the trial court to conduct a limited evidentiary hearing pursuant to Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
In this case, appellant filed an affidavit stating that he is a resident of Texas with no connection to or contacts in Florida, that his dealings with appellee were in New York, and that appellee was a resident of New York. He points out that appellee filed an affidavit claiming Florida residency, and argues that such conflict between affidavits could not be reconciled without an evidentiary hearing.
In Venetian Salami, the Florida Supreme Court laid out the procedure by which a Florida plaintiff may seek to obtain personal jurisdiction over a nonresident defendant. Initially, the complaint must plead a sufficient basis for service in the language of section 48.193, Florida Statutes (1997). If the defendant moves to dismiss for lack of personal jurisdiction, without more, the motion raises only the legal sufficiency of the pleadings. If the defendant wishes to contest the jurisdictional allegations of the complaint, he must file an affidavit in support of his position. The burden then shifts to the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. If the factual allegations of the affidavits can be harmonized, the court can make its decision based upon the affidavits. If, however, the facts asserted in the affidavits are in direct conflict, the trial court must hold a limited evidentiary hearing to determine the issue of jurisdiction. Id. at 502-03.
*1229 Here, appellee’s alleged Florida residence is the only basis for Florida jurisdiction. Appellant states that appellee is a New York resident, while appellee claims to be a Florida resident. These claims are in a posture of irreconcilable conflict, and we therefore reverse for a Venetian Salami hearing. We further hold that before such a hearing can take place, the parties are entitled to take discovery, limited to the facts relevant to the issue of jurisdiction. See Gleneagle Ship Management v. Leondakos, 602 So.2d 1282 (Fla.1992).
Reversed and remanded.
GUNTHER and HAZOURI, JJ., concur.