951 So.2d 1001 (2007)
INSTRUMENTACION, LTDA., Appellant,
v.
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, Appellee.
No. 3D06-3098.
District Court of Appeal of Florida, Third District.
March 21, 2007.
*1002 Rasco Reininger Perez Esquenazi & Vigil and Steve Reininger, Coral Gables, for appellant.
Morgan, Lewis & Bockius and Robert Brochin, Miami, for appellee.
Before COPE, C.J., and SUAREZ and LAGOA, JJ.
SUAREZ, J.
Instrumentacion, Ltda. ("Instrumentacion") appeals an order denying its motion to dismiss Philips Electronics North America Corporation's ("Philips") suit for lack of personal jurisdiction. We reverse and remand for a limited evidentiary hearing.
Instrumentacion contends that the trial court should have dismissed Philips' suit because Florida courts lack personal jurisdiction over the foreign company. Philips asserts jurisdiction exists under Florida's long-arm statute and a forum selection clause that requires the parties to resolve their disputes in Miami courts.
Instrumentacion, a Colombian company, and Philips' predecessor Hewlett Packard ("HP"), located in Miami, entered into a distribution Agreement (the "Agreement") for the resale of HP products in Colombia in 1999. The Agreement contains a forum selection clause requiring that any lawsuit regarding any claim or dispute arising out of the Agreement or any other claim must be brought exclusively in Miami-Dade County courts and governed by Florida law. In October, 2001, Instrumentacion sued Philips in Colombia regarding the parties' commercial agency relationship under contracts between 1965 and 2000. While that suit was still pending, Philips filed the instant suit against Instrumentacion in September, 2005, for breach of contract and declaratory judgment in Miami-Dade County circuit court. Philips alleges Instrumentacion breached the Agreement by filing suit in Colombia and seeks declaratory judgment regarding the agency relationship between the parties. Instrumentacion filed a motion to dismiss for lack of personal jurisdiction, arguing: 1) Florida's long-arm statute does not apply; 2) Instrumentacion has insufficient minimum contacts with Florida; and 3) the Agreement's forum selection clause is unenforceable. The trial court denied the motion to dismiss following legal argument.
A plaintiff initially bears the burden of pleading facts to satisfy Florida's long-arm statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). The burden then shifts to the defendant to contest the complaint's jurisdictional allegations, or to claim that there are insufficient federal minimum contacts by way of affidavit or other sworn proof. Venetian, 554 So.2d at 502. If the sworn proof properly contests the jurisdictional facts, the burden shifts back to the plaintiff to refute the defendant's evidence through its own affidavit or other sworn proof. Venetian, 554 So.2d at 502. A court may resolve the jurisdictional issue based on the affidavits so long as the affidavits can be harmonized. However, if the affidavits conflict, the trial court must conduct an evidentiary *1003 hearing to resolve the disputed facts. Venetian, 554 So.2d at 503. Personal jurisdiction over a foreign corporation is reviewed de novo. See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000).
In its complaint, Philips asserts jurisdiction over Instrumentacion in Florida on three bases: (1) Instrumentacion is engaged in substantial, non-isolated activity in Florida, (2) Instrumentacion breached a contract in Florida by failing to perform acts required by the contract to be performed here, and/or (3) Instrumentacion contractually agreed to submit itself to the jurisdiction of Florida courts as provided in the Agreement's forum selection clause. Instrumentacion supported its motion to dismiss for lack of personal jurisdiction with affidavits including that of its general manager, Rafael Eduardo Camacho. Camacho's affidavit states that Instrumentacion's principal place of business is Colombia, that it does not operate, conduct, engage in or carry on business ventures in Florida, and that it has never entered into a contract with anyone, including Philips, requiring it to perform any acts in Florida. Philips countered with an affidavit of Gabriel Buigas, HP's Vice-President and Deputy General Counsel. According to Buigas, resellers' sales/management teams attended meetings in Florida for training and planning with HP. HP conducted other management activities in Florida under the Agreement, including accepting purchase orders, issuing invoices, and credit and collection efforts. Buigas states that Instrumentacion was aware it was negotiating and conducting business transactions through HP's Miami office, and that the relationship involved numerous routine contacts with HP's Miami office.
Philips and Instrumentacion have presented conflicting sworn statements regarding their business relationship and Instrumentacion's contacts with Florida. It was, therefore, incumbent on the trial court to hold an evidentiary hearing to resolve these factual disputes before reaching a determination regarding its personal jurisdiction over Instrumentacion. Therefore, we reverse and remand for a limited evidentiary hearing on whether the court may exercise personal jurisdiction over Instrumentacion. Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A., 721 So.2d 787 (Fla. 3d DCA 1998).
Reversed and remanded with directions.