DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERUGOSHI KOTOURA** a/k/a **KATSURA KAN,**
Appellant,

v.

**TIBOR STERN,** as Personal Representative of the Estate of **SHARON STERN,**
Appellee.

No. 4D15-1321

[January 20, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. 13-010284 CACE (03).

Terugoshi Kotoura a/k/a Katsura Kan, Sakyou-ku Kyoto, Japan, pro se.

Ronnette Gleizer of Gleizer Law, P.A., Hallandale Beach, for appellee.

PER CURIAM.

We reverse in part the trial court's order denying appellant's motion to dismiss for lack of personal jurisdiction and remand for the trial court to conduct a limited evidentiary hearing on jurisdictional issues.

Appellant, the defendant below, is a Japanese national, who has never been to the Florida. In the amended complaint, plaintiff has alleged long arm jurisdiction based on defendant's communications with the decedent while she was in Broward County. *See* § 48.193(1)(a)2., Fla. Stat. (2015). The law is clear that a defendant need not be physically present in Florida for long arm jurisdiction to exist. *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). A defendant can commit a tortious act in Florida through "telephonic, electronic, or written communications into Florida. However, *the cause of action must arise from the communications.*" *Id.* (emphasis supplied).

Appellant filed an affidavit in support of his motion to dismiss asserting that he never spoke with decedent while she was in Florida and denying

that he committed any tortious conduct in Florida. Plaintiff responded and filed affidavits with conflicting allegations, asserting that decedent's parents observed defendant communicating with the decedent while she was in Florida. Plaintiff also submitted a number of e-mails. While a few of the e-mails appear to be from defendant to the decedent, the communications in those e-mails do not constitute the commission of tortious conduct in Florida for purposes of long arm jurisdiction. There was no showing that any of the causes of action in the amended complaint arose from those communications.

Pursuant to the procedure announced in *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 503 (Fla. 1989), when the affidavits submitted by the parties cannot be reconciled, the trial court is required to hold a limited evidentiary hearing to determine the jurisdictional issues. *E.g., Balboa v. Assante*, 958 So. 2d 573, 575 (Fla. 4th DCA 2007).

The affidavits submitted by the parties in this case cannot be reconciled. Plaintiff alleges that defendant committed tortious conduct through communications with the decedent in Florida, and defendant denies any such communications. Accordingly, we reverse and remand for the court to conduct a limited evidentiary hearing on the jurisdictional issues.

We decline to reach appellant's argument that he lacks sufficient minimum contacts with Florida under the second prong of the *Venetian Salami* analysis. The trial court should consider the evidence presented at the hearing, including the extent, nature and timing of defendant's alleged communications with decedent in Florida, in deciding this issue. The inquiry should focus on whether the defendant's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). We affirm as to the other issues argued in this appeal without discussion.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN, C.J., GROSS and MAY, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**