DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PACKAGING & DISTRIBUTION RESOURCES, LLC., GLOBAL BEAUTY GROUP, LLC., GT PARTNERS LIMITED LIABILITY USA, LLC.,** and **LANTIER USA LLC.**
Appellants,

v.

**DUKE REALTY LTD., D'ARCY ACQUISITION, LLC.,** and **MARLENE D'ARCY, INC.**
Appellees.

No. 4D15-2124

[June 8, 2016]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE11009811 (04).

Howard D. DuBosar and Robert C. Sheres of DuBoser Sheres, P.A., Boca Raton, for appellant, Packaging & Distribution Resources, LLC.

William E. Calnan of Waldman Trigoboff Hildebrandt Marx & Calnan, P.A., Fort Lauderdale, for appellee, Duke Realty Ltd.

CONNER, J.

Appellants, nonresident limited liability companies, seek review of a non-final order denying their motion to dismiss for lack of personal jurisdiction. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(i). For the reasons below, we reverse and remand for a limited evidentiary hearing.

In the case below, following nonpayment of rent, a landlord sued its commercial tenant for eviction and damages for past due rent, joining the appellants as defendants. The appellants were guarantors of the tenant's performance on the lease. The tenant's chief executive officer (CEO) was also CEO for each of the guarantors.

The complaint included the requisite allegations that each guarantor, as a foreign limited liability company, was duly authorized and conducting

business in Florida. *Venetian Salami Co. v. Parthenais,* 554 So. 2d 499, 502 (Fla. 1989). Consequently, the burden shifted to the guarantors to contest the court's personal jurisdiction over them by filing a motion to dismiss, supported by a legally sufficient affidavit or other sworn proof to contest the complaint's jurisdictional allegations. *Id.* The guarantors moved to dismiss the complaint alleging lack of personal jurisdiction over them and supported the motion with affidavits, thus shifting the burden to the landlord plaintiff to respond accordingly. The plaintiff responded by filing a transcript of the CEO's deposition. The trial court denied the motion to dismiss after considering the parties' arguments based on the affidavits and deposition, but the trial court did not articulate at the hearing or in its order the reasoning or the findings as to disputed issues of fact regarding the extent of contact each debtor has had with Florida. At the hearing, the court did not entertain any additional testimony or evidence.

In opposing a motion to dismiss for lack of personal jurisdiction, a plaintiff may use sworn statements, including depositions. *See Teva Pharm. Indus. v. Ruiz,* 181 So. 3d 513, 520 (Fla. 2d DCA 2015) (explaining that deposition transcripts submitted by plaintiff refuted the allegations in defendant's affidavit, thereby creating a conflict in the evidence, and thus the trial court was required to hold a limited evidentiary hearing to resolve the disputed issues of fact). As we have previously said, with regards to a motion to dismiss for lack of personal jurisdiction where sworn proof is presented by opposing sides:

> In most instances, the evidence presented by each side can be harmonized, and the trial court is in a position to make a determination based upon undisputed facts. However, if the evidence presented by the parties conflicts, the trial court must then hold a limited evidentiary hearing to resolve the jurisdictional issue. *Id.* at 503. "[A]n evidentiary hearing under *Venetian Salami* resolves the factual disputes necessary to determine jurisdiction pursuant to section 48.193 as well as whether minimum contacts exist to satisfy due process concerns." *Dev. Corp. of Palm Beach v. WBC Constr., L.L.C.,* 925 So.2d 1156, 1160 (Fla. 4th DCA 2006).

*Balboa v. Assante,* 958 So. 2d 573, 575 (Fla. 4th DCA 2007) (alteration in original).

We reverse and remand for the trial court to conduct a limited evidentiary hearing on the issues of personal jurisdiction because the affidavits and deposition, particularly those of the CEO, cannot be

reconciled with respect to the extent of **each** guarantor's contacts with the debtor/tenant or with Florida generally.  *See Kotoura v. Stern,* 183 So. 3d 1245, 1247 (Fla. 4th DCA 2016).  As in *Kotoura,* we decline to reach appellants' argument that they lack sufficient minimum contacts with Florida to satisfy the Fourteenth Amendment's due process requirements as outlined in *Venetian Salami.  See id.*  Under that analysis, the trial court should consider the evidence presented at the hearing to decide whether *each* appellant's "conduct and connection with the forum State [are] such that [it] should reasonably anticipate being haled into court there."  *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

We reverse without discussion as to the other issues argued in this appeal.

*Reversed and remanded.*

WARNER and MAY, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

3