Kuntz, J.
The County of Cumberland, New Jersey, appeals the circuit court’s order denying its motion to dismiss for lack of personal jurisdiction. The court determined that the allegations in plaintiff Andrew W. Kwap’s complaint were sufficient to satisfy due process and justify the exercise of personal jurisdiction over the County. We reverse because the court failed to account for the County’s affidavit rebutting the allegations in the complaint.

Background

The County hired PTS America, LLC, an international prisoner extradition company, to transport Kwap from Palm Beach County to New Jersey. During the transport, Kwap was injured in an accident while in a van owned and operated by PTS.
Following the accident, Kwap sued PTS and the County. In his first amended complaint, he alleged that PTS negligently transported him without safety restraints and that the County was vicariously liable for the negligence of its agent, PTS.
The County filed a motion to dismiss for lack of personal jurisdiction. Specifically, the County argued that the court did not have personal jurisdiction under section 48.193(l)(b), Florida Statutes, because it did not commit a tort in Florida, and because the alleged tortfeasor, PTS, was an independent contractor, not its agent.
The County attached an affidavit to its motion from the Sheriff of Cumberland County, The affidavit stated that PTS operated as an independent contractor because PTS used its own equipment and hired its own personnel; and because the .County did not dictate or control any aspect of the transport, such as the route, timing, use of particular equipment, or the personnel employed by PTS.
After allowing limited jurisdictional discovery, the court held a hearing on the County’s motion to dismiss. At the hearing, the court heard argument from counsel, which included discussions regarding deposition testimony of a PTS employee. At the conclusion of the hearing, the court reserved ruling and later entered a written order denying the motion. In its order, the court stated that the first amended complaint contained sufficient allegations to exercise personal jurisdiction over the County.

Analysis

Whether a Florida court has personal jurisdiction over a non-resident defendant involves a two-step inquiry. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989). First, the court must determine whether the complaint alleges sufficient jurisdictional facts to bring the action within Florida’s long-arm statute, section 48.193, Florida Statutes (2016). Id. at 502. Second, the court must determine whether sufficient “minimum contacts” are shown between the non-resident defendant *1209 and Florida in order to satisfy due process. Id.
The County argues that this appeal involves the first part of the inquiry: that is, whether sufficient jurisdictional facts were alleged in Kwap’s complaint. Our supreme court has explained that this part of the inquiry “may involve a burden shift.” Kitroser v. Hurt, 85 So.3d 1084, 1087 (Fla. 2012). When the defendant files an affidavit to refute the jurisdictional allegations in the complaint, the burden shifts back to the plaintiff to file an affidavit or other evidence that clearly justifies the exercise of jurisdiction. Venetian Salami, 554 So.2d at 502; see also Small v. Chicola, 929 So.2d 1122, 1124 (Fla. 3d DCA 2006) (citing Elmex Corp. v. Atl. Fed. Savings & Loan Ass’n, 325 So.2d 58, 61 (Fla. 4th DCA 1976)).
Here, the County filed an affidavit that refuted the allegations in Kwap’s complaint. However, the court’s order denying the County’s motion to dismiss did not consider its affidavit and stated that the allegations in the complaint, “if true, provide a basis to invoke Florida’s long-arm jurisdiction over this Defendant on the grounds, inter alia, that there was an agency relationship between” PTS and the County. This was error because the County’s affidavit shifted the burden back to Kwap, and required the court to look beyond the allegations in the complaint.
The court erred when it denied the motion to dismiss and exercised jurisdiction over the County based upon the allegations of the complaint without considering the affidavit. On remand, the court should consider the jurisdictional evidence to determine if the long-arm statute was sufficiently implicated. If the court finds that the affidavits and other evidence cannot be reconciled, a limited evidentiary hearing may be needed. See Venetian Salami 554 So.2d at 503. If the court finds that long-arm jurisdiction is established, then the court must next determine if the exercise of jurisdiction over the County comports with due process.

Conclusion

When a complaint includes sufficient jurisdictional allegations, the burden shifts to the defendant to rebut those allegations through an affidavit or other evidence. In this case, the defendant filed an affidavit sufficient to rebut the jurisdictional allegations in the plaintiffs complaint. The burden then shifted back to the plaintiff to clearly establish a factual basis to justify the exercise of personal jurisdiction. The court’s failure to consider the evidence submitted beyond the four comers of the plaintiffs complaint was error. Therefore, the court’s order denying the motion to dismiss for lack of personal jurisdiction is reversed.

Reversed and remanded for fmiher proceedings.

Warner and Levine, JJ., concur.