DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DICKINSON WRIGHT, PLLC,** a Michigan limited liability company, and
**PETER WEBSTER,**
Appellants,

v.

**THIRD REEF HOLDINGS, LLC,** a Florida limited liability company,
directly and derivatively on behalf **BFC-BSI, LLC,** a Delaware limited
liability company,
Appellee.

No. 4D17-1842

[April 18, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Donald W. Hafele, Judge; L.T. Case No.
502015CA014306XXXXMB.

David P. Ackerman and E. Raul Novoa, Jr., of Ackerman LLP, West
Palm Beach, for appellants.

Justin B. Kaplan, Derek R. Young and Matthew S. Sarelson of Kaplan,
Young & Moll Parrón, PLLC, Miami, and Daniel M. Samson, B.C.S. of
Samson Appellate Law, Miami, for appellee.

MAY, J.

A Michigan lawyer and his law firm appeal an order denying their
motions to dismiss an amended complaint for lack of personal jurisdiction.
They argue the trial court erred in failing to conduct an evidentiary hearing
before ruling on the motions to dismiss, and in denying their motions.

Because the affidavits filed by both sides created a conflict in the
evidence, the trial court was required to conduct an evidentiary hearing.
*Volkswagen Aktiengesellschaft v. Jones*, 227 So. 3d 150, 155 (Fla. 2d DCA
2017). Because it failed to do so, we reverse and remand the case for that
purpose. In doing so, we do not comment on the sufficiency of either the
allegations or the proof to establish personal jurisdiction.

The plaintiffs alleged the Michigan lawyer and his law firm committed

tortious acts and participated in a conspiracy to reduce the equity of the plaintiff BFC-BSI, LLC, through a fraudulent recapitalization. A Florida investor, Third Reef, held an interest in BFC-BSI. The details of the recapitalization are unnecessary to our holding so we will not elaborate on the multiple parties and nature of the recapitalization. Suffice it to say, things did not go well, resulting in litigation.

In December 2012, litigation was filed in California, alleging wrongful conduct in the recapitalization. In that litigation, the law firm defended a Michigan resident, who was the Michigan manager of BFC-BSI. That case went to arbitration.

The next year, the same Michigan resident/manager hired the law firm to represent BFC-BSI in an action against other persons and entities involved in the recapitalization. The lawsuit was dismissed for lack of complete diversity and was not refiled.

In the Florida action, the investor Third Reef, sued the Michigan resident/manager, other defendants from the California and Michigan actions, and the lawyer and his firm. The complaint alleged claims for negligence, fraud, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, aiding and abetting fraud, and conspiracy to commit fraud. The wrongdoing was tied to the recapitalization. The complaint alleged that each defendant had "committed tortious acts in Florida in furtherance of those conspiracies. Consequently, each of the conspiring defendants is subject to the personal jurisdiction of the Florida court pursuant to Florida Statute section 48.193(1)(a)."

The complaint alleged that the Michigan resident/manager and the law firm "actively solicited input and confidential information from BFC-BSI's members," including Third Reef, and that information was used to "protect [the Michigan resident/manager], themselves and their conspirators to the detriment of BFC-BSI and its members."

The lawyer and law firm individually moved to dismiss for failure to state a claim and lack of personal jurisdiction. The law firm alleged it had its principal place of business in Detroit, Michigan, and the alleged conduct took place from 2012 through 2015 when the law firm was not registered to do business in Florida. It did not maintain an office in Florida nor a telephone or fax number.[1]

---

[1] The law firm subsequently registered to do business in Florida in June 2016, almost six months after the initial complaint was filed. None of its five attorneys had anything to do with this case.

The lawyer's motion denied allegations that he was part of any conspiracy or otherwise subject to personal jurisdiction. He alleged he was a member of the Michigan bar and was never licensed to practice in Florida. He appeared *pro hac vice* in Florida once through local counsel in unrelated litigation.

The lawyer also attested that he did not provide legal advice to Third Reef, never represented it, had no involvement in the recapitalization agreement, and did not conspire with anyone to deprive Third Reef of its capital investment. His only contact with the other defendants was in this litigation. His role in the Michigan litigation was to represent his clients. There were no issues involving Florida activities in that suit.

Third Reef filed a response, arguing there were sufficient Florida contacts for personal jurisdiction over the lawyer and the law firm. Attached to the response was the BFC-BSI California manager's affidavit. He attested that the lawyer solicited information related to the recapitalization, motivations for key actions, strategy and policy, litigation philosophy, financial capacity, and other subjects relevant to the claims against the Michigan resident/manager. He also attested that he and Third Reef shared this information.

At the first of two hearings on the motions, counsel argued there was no attorney-client relationship to Third Reef, only to the Michigan resident/manager. And, the law firm had no duty to divulge attorney-client communications or confidences from him to Third Reef. Counsel also argued there was no cause of action for conspiracy against a lawyer for simply representing a client, and that any alleged conspiratorial acts occurred before the attorney-client relationship commenced.

Third Reef responded that "the [lawyer was] complicit in expressly affirming lies that are material to the loss, the loss in terms of redemption of BFC-BSI's shares in a company here in Florida."

At the second hearing, Third Reef pointed to allegations in the operative complaint where it was alleged that "[a]t various times described . . . the attorneys provided legal services to, and represented or purported to represent the interests of BFC-BSI and the members of BFC-BSI, including Third Reef." It alleged the Michigan resident/manager and lawyers "actively solicited input and confidential information from the members, including Third Reef." These allegations formed the basis of tortious

conduct including conspiracy and aiding and abetting. It argued that the Michigan resident/manager and law firm coerced Third Reef and others to sign global releases in furtherance of the conspiracy.

After the two non-evidentiary hearings, the trial court denied the motions to dismiss. The order provides in part:

> This Court adopts the holding from *NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444 (Fla. 4th DCA 2012), and concludes that there is specific jurisdiction over the Law Firm Defendants because the Second Corrected Amended Complaint successfully alleges a cause of action for conspiracy, as this Court explained on the record at the conclusion of the hearing, and because the Law Firm Defendants' affidavits fail to specifically deny that the other alleged co-conspirators committed tortious acts in furtherance of the conspiracy in Florida.

From this order, the lawyer and law firm appeal.

We have de novo review of an order on a motion to dismiss for lack of personal jurisdiction. *Wendt v. Horowitz*, 822 So. 2d 1252, 1256-57 (Fla. 2002).

The Florida Supreme Court announced a two-prong test to determine whether personal jurisdiction extends to a non-resident defendant: (1) whether the complaint alleged sufficient facts for application of the Florida long-arm statute; and (2) if so, whether there are sufficient 'minimum contacts' alleged to meet due process requirements. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502-03 (Fla. 1989).

Where the defendants submit affidavits to prove the absence of jurisdiction, the burden of proof shifts to the plaintiffs to present affidavits or other evidence supporting their jurisdictional allegations. *Instrumentacion, Ltda. v. Philips Elecs. N. Am. Corp.*, 951 So. 2d 1001, 1002 (Fla. 3d DCA 2007). When the affidavits cannot be harmonized, the trial court must hold a limited evidentiary hearing to determine jurisdiction. *Venetian Salami*, 554 So. 2d at 503.

The lawyer and law firm argue that even if the complaint's allegations were sufficient, they rebutted them by affidavit. The affidavits denied participation in any alleged tortious conduct, which was sufficient to shift the burden of proof back to Third Reef to provide affidavits or other evidence supporting personal jurisdiction. *See Cty. of Cumberland, New*

4

*Jersey v. Kwap*, 220 So. 3d 1207, 1209 (Fla. 4th DCA 2017) (holding that once a defendant's affidavit refutes the plaintiff's allegations, the burden shifts back to the plaintiff to prove jurisdiction); *see also Elmex Corp. v. Atl. Fed. Sav. & Loan Ass'n.*, 325 So. 2d 58, 62 (Fla. 4th DCA 1976).

Here, the trial court did not recognize that the lawyer and law firm's affidavits shifted the burden back to the plaintiff, Third Reef. It did not conduct an evidentiary hearing on the factual disputes created by the conflicting affidavits. Instead, it listened to legal argument and ruled on conflicting affidavits.

If the parties' evidence cannot be harmonized by the trial court, then "the trial court must hold a limited evidentiary hearing to resolve the jurisdictional issue." *Volkswagen Aktiengesellschaft*, 227 So. 3d at 155 (citing *Venetian Salami*, 554 So. 2d at 503); *see also Packaging & Distribution Res., LLC. v. Duke Realty Ltd.*, 194 So. 3d 509, 510 (Fla. 4th DCA 2016).

We therefore reverse and remand the case to the trial court for a limited evidentiary hearing to resolve the factual dispute so that it can then rule on the jurisdictional issue raised.

*Reversed and remanded for an evidentiary hearing.*

WARNER and CIKLIN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**