DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA RIZACK,** As Plan Administrator of the Post-Confirmation Estate of West End Financial Advisors LLC, et al.,
Appellant,

v.

**SIGNATURE BANK, N.A., CHRIS EFSTRATIOU** and **CHARLES LIGGIO,**
Appellees.

No. 4D18-546

[March 20, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE-15-000367 (9).

Kristen M. Fiore of Akerman LLP, Tallahassee, Steven R. Wirth of Akerman LLP, Tampa, Christine B. Gardner of Akerman LLP, West Palm Beach, Jay Cohen of Cohen, Blostein & Ayala, P.A., Fort Lauderdale, and James Wes Christian of Christian, Jewell & Smith, LLP, Houston, TX, for appellants.

William E. Davis and Akiesha Gilcrist Sainvil of Foley & Lardner LLP, Miami, John E. Westerman, Jeffrey A. Miller, and Michael E. Planell of Westerman, Ball, Ederer, Miller, Zucker & Sharfstein, LLP, Uniondale, NY for appellees.

PER CURIAM.

Appellants, including several Florida investors, appeal the trial court's dismissal of their complaint against Appellees with prejudice due to a lack of personal jurisdiction. They assert that the trial court should have permitted jurisdictional discovery. We agree.

There is no dispute that Appellants carried their initial burden by pleading long-arm jurisdiction pursuant to section 48.193, Florida Statutes (2018). *See Becker v. Hooshmand*, 841 So. 2d 561, 562 (Fla. 4th DCA 2003). Thereafter, both parties submitted several affidavits either in support of or in opposition to the assertion that the lower court possessed personal jurisdiction over Appellees. *See id.*; *accord Venetian Salami Co.*

*v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989); *McMillan v. Troutman*, 740 So. 2d 1227, 1228 (Fla. 4th DCA 1999).

"We review a court's order denying a motion to dismiss for lack of personal jurisdiction *de novo*." *Rolls-Royce, PLC v. Spirit Airlines, Inc.*, 239 So. 3d 709, 712 (Fla. 4th DCA 2018).

Taking the contents of the affidavits as true, we find that they could not be sufficiently harmonized to provide the trial court with the ability to make its decision based solely upon the affidavits. *See McMillan*, 740 So. 2d at 1228; *accord Venetian Salami*, 554 So. 2d at 502–03. Thus, we reverse and remand for the trial court to allow the parties to conduct *limited* jurisdictional discovery to be presented via affidavit or at an evidentiary hearing. *See Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So. 2d 1282, 1284 (Fla. 1992); *accord Rolls-Royce,* 239 So. 3d at 714; *Packaging & Distrib. Res., LLC v. Duke Realty Ltd.*, 194 So. 3d 509, 510 (Fla. 4th DCA 2016). "Once discovery on the jurisdictional issue is concluded, the procedure outlined in *Venetian Salami* should be followed by the trial court." *Gleneagle*, 602 So. 2d at 1284.

*Reversed and remanded.*

MAY, CIKLIN and KLINGENSMITH, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**