DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUN COAST NURSING CENTERS, INC., AIRAMID FLORIDA, LLC,** and
**HOWARD JAFFE,**
Appellants,

v.

**LINDA LITTMAN,** as Personal Representative of the Estate of **ARTHUR
LITTMAN, Et Al.,**
Appellees.

No. 4D19-2209

[April 8, 2020]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 502018CA008415.

Amy L. Christiansen of Spector Gadon Rosen Vinci LLP, St. Petersburg, for appellants.

John N. Bogdanoff of The Carlyle Appellate Law Firm, Orlando, and Garry J. Rhoden of Colling Gilbert Wright & Carter, Orlando, for appellees.

PER CURIAM.

Sun Coast Nursing Centers, Inc. ("Sun Coast"), Airamid Florida, LLC ("Airamid"), and Howard Jaffee ("Jaffe") appeal a circuit court order that denied their motions to dismiss an amended wrongful death complaint for lack of personal jurisdiction. The amended complaint included claims of negligence in the care of a patient who died at a nursing home. We conclude that the circuit court erred in failing to conduct a limited evidentiary hearing to resolve conflicts in the evidence as to Jaffe and Sun Coast, and in failing to dismiss as to Airamid. We reverse and remand for the court to proceed in accordance with this opinion.

Arthur Littman was admitted to Boca Raton Rehabilitation Center ("Boca Rehab"), a nursing home, in June 2016. According to the amended complaint filed by the Personal Representative of his Estate ("The Estate"), Arthur developed complications after his admission, leading to aspiration

and death. The Estate alleged that Boca Rehab failed to adequately diagnose, treat or care for his condition.

The Estate's amended complaint alleged that appellants were liable under section 400.023(2)(b), Florida Statutes (2016), which governs civil suits for negligence involving nursing home residents. It alleged FI-Boca Raton, LLC ("FI-Boca Raton") held the license to operate Boca Rehab and that appellants owned, managed, and operated it. It further alleged that FI-Boca Raton was responsible for hiring or firing the administrator and director of nursing, controlling staffing levels, creating the budget, policies and procedures of Boca Rehab, and was liable for the tortious conduct of the nurses and caretakers.

The Estate claimed Sun Coast was a Delaware corporation authorized to do business in Florida and affiliated with the other appellants in ownership, control, operation, servicing, consultation and management of Boca Rehab. Similar to the allegations made against FI-Boca Raton, the Estate alleged that Sun Coast was liable under section 400.023(2)(b), because they hired or fired the administrator or director of nursing, controlled staffing levels, and created the budget, policies, and procedures of Boca Rehab.

Airamid was alleged to be a Delaware corporation as well, and the Estate claimed that it affiliated with the other appellants and should be held liable because it controlled the Boca Rehab staff, operations, policies, and procedures.

The Estate claimed appellants' activities subjected them to personal jurisdiction under Florida's long-arm statute, section 48.193, Florida Statutes (2016). Alternatively, it alleged that appellants were engaged in either a joint venture, partnership, de facto partnership, or a single business entity in Florida connected to Boca Rehab. Appellants moved to dismiss the amended complaint for lack of personal jurisdiction. They filed separate motions and affidavits in support, as detailed below.

Jaffe alleged he was a resident of Pennsylvania and president of Sun Coast, "a Delaware 501(c)(3) company." He said in a supporting affidavit that he did not conduct the day-to-day operations of Boca Rehab personally or in his corporate capacity. Instead, Boca Rehab was controlled by the administrator and director of nursing at that facility. Jaffe alleges he did not hire, fire, train or supervise employees at Boca Rehab, and did not control its staffing levels or budget. Finally, Jaffee alleged that he was not responsible for nursing policies and procedures, or clinical or nursing staff.

2

On behalf of Sun Coast, Jaffe filed a separate affidavit alleging Sun Coast did not have a principal place of business in Florida, was not qualified to and did not conduct business in Florida, and did not own, lease, operate, manage or consult with Florida nursing homes, including Boca Rehab. Jaffe's affidavit alleged that Sun Coast did not hire, supervise, monitor or fire employees at Boca Rehab, and did not review or control budgets for staffing, training, or other matters there. Jaffee also alleged that Sun Coast did not devise, create or implement written policies at Boca Rehab.

Mel Beal, the manager of Airamid, signed and filed an affidavit on the company's behalf. He alleged that Airamid was also a Delaware Limited Liability Corporation ("LLC"), had no principal place of business in Florida, was not qualified to and did not do business in Florida, and was not the management company for Boca Rehab at any time. Beal claimed that Airamid did not consult, mange, own, operate or lease nursing homes in Florida, including Boca Rehab, and did not hire, supervise, retain, monitor or fire Boca Rehab employees. Further, the affidavit stated that Airamid did not render treatment to Littman and did not review, devise, approve or implement any policies or procedures that impacted care and services at Boca Rehab.

The Estate did not file its own counter-affidavits to dispute these allegations on jurisdiction. Instead, it referred to the allegations in its amended complaint and relied on a February 2017 deposition of Jaffe taken in an unrelated nursing home case. The Estate claimed that several of the statements Jaffe made in that deposition contradicted the allegations he made in his affidavits in this case and demonstrated grounds for both specific and general jurisdiction in Florida.

For example, the Estate pointed out that in his 2017 deposition Jaffe said that he was either a member or manager of approximately fifty-one business entities in Florida and that most, if not all, of them involve skilled nursing facilities or other ancillary businesses. He stated that there was an annual retreat generally held in Florida for Sun Coast and other entities, he participated in quarterly telephone meetings for many of these entities, and that he received regular payments for his work as manager for Sun Coast and other entities.

According to Jaffe's deposition testimony, FI-Boca Raton was an LLC wholly-owned by Sun Coast. He said Sun Coast owned nineteen entities over which he was administrative manager from 2012 to 2015, each with names starting with FI-Boca Raton. He said he was an administrative

manager for FI-Boca Raton, which held a Florida license to operate a skilled nursing facility. Also, an exhibit to that deposition and some questions in it focused on a schedule from the Florida Medicaid Program for providers of nursing home services. It reported that for 2016, Jaffe received no compensation but devoted ten percent of his time as officer of FI-Boca Raton doing business as Boca Rehab.

The circuit court conducted a non-evidentiary hearing on appellants' motions to dismiss. Counsel for the Estate informed the court that an evidentiary hearing would not be necessary, but appellants' counsel did not agree. She stated that if the court were to take the statements by Jaffe in deposition out of context, an evidentiary hearing may be necessary to resolve any factual conflicts that resulted. After hearing arguments and considering the parties' filings, the court denied appellants' motions to dismiss, ruling:

> The pleadings, submissions, and record in this case show that this Court has personal jurisdiction over Defendants, Airamid Florida, LLC, Sun Coast Nursing Centers, Inc., and Howard Jaffe as Plaintiff's Amended Complaint sets forth sufficient facts to bring this action within the ambit of the Florida long arm statute and the Defendants have sufficient minimum [contacts] with the State of Florida that they have purposely availed themselves of this Court's jurisdiction. The Defendants' contacts with the State of Florida are such that each of the Defendants should have reasonably anticipated being brought into court in this jurisdiction. The Court finds that there are sufficient minimum contacts on the part of the Defendants to satisfy due process requirements. *See Caizzo v. American Royal Arts Corp.*, 73 So. 3d 245, 250-253 (Fla. 4th DCA 2011).

This appeal followed.

"We review de novo the circuit court's ruling on a motion to dismiss for lack of personal jurisdiction." *Wallace Buick Co. v. Rite Way Auto Transp. LLC*, 279 So. 3d 151, 153 (Fla. 4th DCA 2019) (citing *Wendt v. Horowitz*, 822 So. 2d 1252, 1256 (Fla. 2002)). The court must "conduct a two-part test to determine whether a Florida court has jurisdiction over a non-resident." *Id.* First, it must determine whether the allegations in the complaint satisfy Florida's long-arm statute, section 48.193, Florida Statutes (2016). *See id.* If so, then the court must "determine[] whether sufficient minimum contacts exist between the defendant and Florida to

satisfy due process." *Id.* (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)).

When non-resident defendants submit affidavits to contest personal jurisdiction, the burden of proof shifts to the plaintiff to present affidavits or other evidence to support their claims. *See Dickinson Wright, PLLC v. Third Reef Holdings, LLC*, 244 So. 3d 303, 306 (Fla. 4th DCA 2018) (citing *Instrumentacion, Ltda.* v. *Philips Elecs. N. Am. Corp.*, 951 So. 2d 1001, 1002 (Fla. 3d DCA 2007)). "When the affidavits cannot be harmonized, the trial court must hold a limited evidentiary hearing to determine jurisdiction." *Id.* (citing *Venetian Salami*, 554 So. 2d at 503)).

The Estate presented Jaffe's 2017 deposition in an unrelated nursing home case to contest the affidavits filed in support of the motions to dismiss. That deposition allegedly contained statements that conflicted with the allegations in Jaffe's affidavits for Sun Coast and himself. For that reason, we conclude that the circuit court erred in failing to conduct a limited evidentiary hearing as to appellants Jaffe and Sun Coast. *See id.* Given the lack of evidence which proves that the court had either specific or general jurisdiction over Airamid, the court also erred in denying its motion to dismiss. *See Wallace Buick Co.*, 279 So. 3d at 153.

We reverse the circuit court's order as to Sun Coast and Jaffe and remand for an evidentiary hearing to resolve the issues of factual conflict on personal jurisdiction.[1] *See Dickinson Wright, PLLC*, 244 So. 3d at 306. If necessary, the parties should be permitted to conduct limited jurisdictional discovery. *See Rizack v. Signature Bank, N. A.*, 267 So. 3d 24 (Fla. 4th DCA 2019). We reverse the order as to Airamid altogether, and remand for entry of an order granting its motion to dismiss.

*Reversed and Remanded.*

WARNER, DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing**

---

[1] We have not reached the issue of the corporate shield doctrine raised by appellants Sun Coast and Jaffe, but it may be considered on remand after the evidentiary hearing.