DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KARISMA HOTELS & RESORTS CORPORATION LTD.,**
Appellant,

v.

**DAVID HOFFMAN,** as personal representative of the
**ESTATE OF LISA HOFFMAN,**
Appellee.

No. 4D2024-0128

[January 8, 2025]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Daniel A. Casey, Judge; L.T. Case No. CACE-20-008429 (03).

Carly M. Weiss and Scott A. Cole of Cole, Scott & Kissane, P.A., Miami for appellant.

Kelley B. Stewart, Joseph J. Slama, and Chris W. Royer of Krupnick Campbell Malone Buser Slama Hancock, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

Karisma Hotels & Resorts Corporation Ltd. ("Karisma") appeals the non-final order denying its motion to dismiss the underlying case for lack of personal jurisdiction. We have jurisdiction under Florida Rule Appellate Procedure 9.130(a)(3)(C)(i). For the reasons explained below, we reverse and remand for the trial court to conduct an evidentiary hearing pursuant to *Venetian Salami Company v. Parthenais*, 554 So. 2d 499 (Fla. 1989).

## BACKGROUND

David Hoffman, acting as personal representative for the estate of his deceased wife, Lisa, filed a negligence action against Karisma. The operative complaint alleged David and Lisa were paying members of Karisma's travel club, Exotic Travelers, and stayed at several Karisma resorts between 2012 and 2019. During their last stay, an Exotic Travelers employee urged David to utilize his membership to book a reservation for

horseback riding at the property. Based on the recommendation, David booked reservations for Lisa and their daughter and the daughter's fiancée. Tragically, Lisa fell from her horse during the ride, struck her head on a rock, and subsequently died.

David's complaint named Karisma, Premier Guest Services, LLC ("PGS"), and Premier Worldwide Marketing, LLC ("PWM") as defendants. The complaint alleged: Karisma was a British Virgin Islands corporation with its principal place of business in Florida; PGS was a Florida corporation and "a worldwide representative for KARISMA's Travel Club Division, Exotic Travelers;" and PWM was a Florida limited liability company and "the exclusive worldwide sales and marketing representative of KARISMA hotels and resorts."

The complaint further alleged Karisma was subject to Florida jurisdiction because, among other things, its primary office was in Coral Gables and it transacted, solicited, and conducted business in the state, both directly and through its agent, PGS. The complaint asserted that Karisma had "continuous and systematic contacts that render it essentially at home" in Florida, and that it "engage[d] in substantial and not isolated activity within" the state.

In response, Karisma moved to dismiss for lack of personal jurisdiction. Karisma argued the complaint failed to properly allege a basis to exercise personal jurisdiction over Karisma and, even if such allegations existed, no facts substantiated the basis for long-arm jurisdiction. In support, Karisma submitted the sworn declaration of its director and corporate representative, who denied the jurisdictional allegations in the complaint as well as any other basis for jurisdiction under Florida's long-arm statute.

Nearly three years later, David filed his opposition to Karisma's motion, asserting that discovery had established both general and specific jurisdiction over Karisma "based upon the activities of its agents and related corporations including PWM and PGS within Florida and the United States." David argued Karisma utilized such agents within Florida to make reservations and provide customer service to the extent that it engaged in substantial (and not isolated) activity under Florida's long-arm statute.

David submitted numerous exhibits in support of his opposition, including his own affidavit and deposition testimony from various corporate officers of Karisma, PGS, and PWM.

In reply, Karisma acknowledged that PWM and PGS conduct business in Florida, but argued David failed to demonstrate that such business constituted Karisma "conducting business in Florida, versus a Florida business providing services to a foreign company." In support, Karisma cited to deposition testimony and contracts which conflicted with David's assertions that PWM and PGS were Karisma's agents.

After holding a non-evidentiary hearing on the matter, the trial court denied Karisma's motion. The court found that the complaint adequately alleged a basis for personal jurisdiction by alleging jurisdictional criteria contained in Florida's long-arm statute and by alleging that Karisma had certain minimum contacts with the forum. After observing that affidavits in support of a motion to dismiss "must contain something more than the assertion of legal conclusions," the trial court maintained that Karisma's declaration in support of the motion to dismiss "summarily denies all the jurisdictional allegations as set forth in the complaint."[1]

The trial court concluded that Karisma "may be subject to personal jurisdiction . . . based on its associations with PWM and PGS," and that the evidence supported David's claim that the creation of PWM and PGS was "directly related to servicing the needs of" Karisma. Finally, the trial court "consider[ed] the question of conflicts within the [declaration] as it pertains to the instant motion reconciled, and thus, the requirement for an evidentiary hearing unnecessary."

On appeal, Karisma primarily argues the trial court erred in conflating the corporate structure and business relationship of Karisma with other entities, such as PWM and PGS, and that the trial court cannot exercise either specific or general jurisdiction over Karisma. As alternative relief, Karisma requests this Court to reverse the order and remand with instructions to hold an evidentiary hearing on the disputed facts.

## ANALYSIS

We review the trial court's purely legal ruling de novo. *Wendt v. Horowitz,* 822 So. 2d 1252, 1256 (Fla. 2002).

In *Venetian Salami,* the Florida Supreme Court set out the procedure for determining whether personal jurisdiction exists over a non-resident defendant. 554 So. 2d at 502. First, the court determines whether the complaint alleges a basis for jurisdiction under Florida's long-arm statute,

---

[1] We construe the trial court's assessment as finding the declaration's denials to be conclusory.

3

section 48.193, Florida Statutes. *Id.* The requirement is satisfied by either tracking the language of the statute without pleading supporting facts, or "by alleging specific facts demonstrating that the defendant's actions fit within one or more subsections of section 48.193." *Washington Cap. Corp. v. Milandco, Ltd., Inc.*, 695 So. 2d 838, 841 (Fla. 4th DCA 1997). If a statutory basis for jurisdiction is pled, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process. *Venetian Salami*, 554 So. 2d at 502.

The burden then shifts to the defendant to contest jurisdiction by a legally sufficient affidavit or other similar sworn proof contesting the complaint's factual allegations or the existence of minimum contacts. *Id.* The affidavit "must contain factual allegations which, *if taken as true*, show that the defendant's conduct does not subject him to jurisdiction." *Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle*, 955 So. 2d 598, 601 (Fla. 2d DCA 2007).

If the defendant's affidavit is legally sufficient, the burden then shifts back to the plaintiff to provide sworn proof that a basis for jurisdiction exists. *Venetian Salami*, 554 So. 2d at 502. Where the affidavits cannot be reconciled, the trial court must hold a limited evidentiary hearing to determine the jurisdictional issue. *Id.* at 503.

Having reviewed the complaint's allegations, we find it sufficiently alleges a basis for both specific and general personal jurisdiction over Karisma under section 48.193. *See id.* at 502 ("Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts.").

We further find Karisma sufficiently rebutted the complaint's jurisdictional allegations with its declaration. *See Def. Control USA, Inc. v. Atlantis Consultants Ltd. Corp.*, 4 So. 3d 694, 698-99 (Fla. 3d DCA 2009) (rejecting the argument that a party's use of declarations instead of affidavits was invalid for purposes of personal jurisdiction); *see also Meyer Werft GMBH & Co., KG v. Humain*, 305 So. 3d 657, 660 (Fla. 3d DCA 2020) ("Here, Meyer Werft contested all the jurisdictional allegations in the complaint by way of a sworn declaration, thereby shifting the burden to Humain to refute the evidence by affidavit or other sworn proof.").

The sworn declaration asserted Karisma was a British Virgin Islands company, had its principal office in the Dominican Republic, did not maintain an office or principal place of business in Florida, did not retain employees, representatives, or agents in Florida, did not engage in

4

substantial or isolated activity in Florida, and did not participate in continuous or systematic activities in Florida. The declaration also stated Karisma had no corporate ownership of PWM or PGS, was not connected with either entity, did not use agents to perform sales or marketing, did not utilize PWM or PGS to collect monies for Karisma, and did not own or operate the subject resort or the horseback ranch.

Karisma's declaration "directly controverts the specific facts alleged in the complaint as a basis of jurisdiction." *Intego Software, LLC v. Concept Dev., Inc.*, 198 So. 3d 887, 893 (Fla. 1st DCA 2016). Specifically, the declaration disputes the grounds for general jurisdiction by stating Karisma is a foreign entity with no principal place of business in Florida and does not engage in substantial or isolated activity in the state. Similarly, the declaration disputed the basis for specific jurisdiction by asserting that Karisma had no office in Florida, did not operate or conduct business in the state, and had no agents there. Taking the declaration's factual allegations as true, *Hilltopper*, 955 So. 2d at 601, Karisma met its burden under *Venetian Salami*. The burden therefore shifted "back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists." *Hilltopper*, 955 So. 2d at 602.

With his opposition, David submitted evidence[2] that (1) one of Karisma's founders also created PWM and PGS, is a manager of both companies, and is the manager of the single member of PWM, (2) nearly 100% of PWM's business is on behalf of Karisma, (3) PWM has contracted with PGS to provide reservation and customer service for Exotic Travelers members regarding Karisma's resorts, (4) PWM's chief financial officer accepted service of process in this case on behalf of Karisma and passed the documents to PGS's director, (5) David booked his trips to Karisma's resorts through PGS by calling PGS's Pembroke Pines location, (6) David had paid for his stays at Karisma's resorts through PGS, and (7) it was represented to David that Karisma owned and managed the resorts, "and that [PGS] and Exotic Travelers were part and parcel of a unified business serving guests" at the resorts.

---

[2] Much of the evidence which David provided to oppose dismissal was not "sworn proof," as it consisted of, among other things: advertisements; press releases and news articles; corporate, property, and motor vehicle records; and contracts between PWM and PGS or PWM and Karisma. However, David did provide his own affidavit as well as deposition testimony from various officers of Karisma, PGS, and PWM. *See Packaging & Distrib. Res., LLC v. Duke Realty Ltd.*, 194 So. 3d 509, 510 (Fla. 4th DCA 2016) ("In opposing a motion to dismiss for lack of personal jurisdiction, a plaintiff may use sworn statements, including depositions.").

Faced with such evidence, the trial court was tasked with determining whether David's sworn evidence conflicted with the information in Karisma's declaration. If arguably conflicting information "can be harmonized, . . . the court will be in a position to make a decision based upon facts which are essentially undisputed." *Venetian Salami*, 554 So. 2d at 503. However, when the conflicting information "cannot be reconciled," the court "will have to hold a limited evidentiary hearing in order to determine the jurisdiction issue." *Id.*

Below, the trial court stated that it "consider[ed] the question of conflicts within the Affidavit [contesting jurisdiction] as it pertains to the instant motion reconciled[.]" We disagree.

David provided evidence that PWM and PGS, both located in Florida and created and controlled by at least one of Karisma's founders, act as Karisma's agent(s). This directly conflicts with the declaration's assertion that Karisma has no agents in the state. Further, Karisma's declaration stated it did not utilize PGS to collect monies for it, which conflicted with David's affidavit stating he had paid PGS for his stays at Karisma's resorts. This latter conflict was even recognized by the trial court, which stated David's evidence "confirm[ed] that payments for all Exotic reservations are made to PGS, contradicting that part of" Karisma's declaration. As the evidence could not be reconciled, the trial court was required to hold an evidentiary hearing.

On appeal, David argues that Karisma waived its right to an evidentiary hearing by failing to affirmatively request one. We disagree with that argument as well.

While Karisma did not affirmatively request an evidentiary hearing, Karisma did note the requirement for such a hearing in its motion to dismiss. Faced with the conflicting evidence provided by the parties, the trial court was required to hold an evidentiary hearing. *See Ware v. Citrix Sys., Inc.*, 258 So. 3d 478, 482 (Fla. 4th DCA 2018) ("When the affidavits cannot be harmonized, . . . the trial court *must hold* a limited evidentiary hearing with regard to jurisdiction." (emphasis added)); *Kotoura v. Stern*, 183 So. 3d 1245, 1247 (Fla. 4th DCA 2016) ("[W]hen the affidavits submitted by the parties cannot be reconciled, the trial court *is required to hold* a limited evidentiary hearing to determine the jurisdictional issues." (emphasis added)).

Having determined the evidence submitted by the parties in this case cannot be reconciled, we reverse and remand for the trial court to conduct

an evidentiary hearing on the jurisdictional issues. *Biose v. Orasan*, 379 So. 3d 1190, 1196 (Fla. 4th DCA 2024); *Kotoura*, 183 So. 3d at 1247; *Duke Realty*, 194 So. 3d at 510.[3]

*Reversed and remanded.*

CIKLIN, LEVINE and CONNER, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] As the disputed jurisdictional facts have not been resolved, the parties' competing arguments regarding whether Karisma is subject to general and/or specific jurisdiction are premature. *See Biose*, 379 So. 3d at 1196 (declining to address the appellant's argument "[b]ecause the circuit court has not resolved the disputed jurisdictional facts").