# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

———————————————————

SHABANA AMIN,

Appellant,

v.

WOLFGANG PUCK ENTERPRISES, INC.,

Appellee.

WOLFGANG PUCK,

Appellant,

v.

SHABANA AMIN,

Appellee.

Nos. 2D2025-0293, 2D2025-0296
CONSOLIDATED

———————————————————

April 1, 2026

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; Michael F. Andrews, Judge.

Lisa A. Gorshe; Michael K. Johnson, admitted pro hac vice; Kenneth W. Pearson, admitted pro hac vice, of Johnson Becker, PLLC, Saint Paul, Minnesota, for Shabana Amin.

Harrison E. Cook, Lawrence E. Burkhalter, and Catherine T. Moussa of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, Miami, for Wolfgang Puck Enterprises, Inc. and Wolfgang Puck.

LUCAS, Chief Judge.

We have for review an order on two motions to dismiss for lack of personal jurisdiction in Shabana Amin's products liability action. In case number 2D2025-0293, Ms. Amin appeals the portion of the order granting Wolfgang Puck Enterprises, Inc.'s (WPE) motion to dismiss. In case number 2D2025-0296, Wolfgang Puck appeals the portion of the order denying his motion to dismiss. We consolidate the two appeals for purposes of this opinion and reverse.

Ms. Amin sued a number of entities, including a California corporation, WPE, and Mr. Puck, a California resident. The lawsuit alleged that a pressure cooker that had been "designed, manufactured, licensed, marketed, imported, distributed and sold" by the defendants had "serious and dangerous defects." According to Ms. Amin, she sustained burn injuries due to a defective design or manufacture of the pressure cooker's lid.

The complaint alleged that the California defendants were subject to personal jurisdiction in Florida under section 48.193, Florida Statutes (2024), Florida's Long Arm Statute. WPE and Mr. Puck filed motions to dismiss for lack of personal jurisdiction and attached supporting affidavits from Mr. Puck. Mr. Puck's affidavits were fairly short and generally averred that he was a resident of Los Angeles, WPE was registered to do business in California, neither he nor WPE had ever been a resident of or registered to do business in Florida, and neither he nor WPE had ever done business, committed a tortious act, or owned any property or bank accounts in Florida. He also stated that his personal

2

relationship with the corporate defendants was limited to a licensing agreement (that was not attached to his affidavits).

Ms. Amin filed a legal memorandum in response to the motions to dismiss.  Her attorney also submitted an affidavit, which attached and referenced several documents as exhibits.[1]  In sum, the attorney's affidavit and exhibits averred that Mr. Puck had travelled to Florida hundreds of times between 2001 and 2023 in order to film "at least 1880 infomercial broadcasts" for the pressure cooker at a Home Shopping Network (HSN) Florida studio.  The affidavit also referenced a marketing agreement between WP Productions, Inc., and HSN, which Mr. Puck allegedly agreed to in a separate letter, that required Mr. Puck's personal participation in these infomercial broadcasts.

The circuit court convened a nonevidentiary hearing and considered the affidavits and arguments of counsel carefully.  Relying solely on those affidavits and arguments, the court determined that it lacked personal jurisdiction over WPE, but it held that it could exercise personal jurisdiction over Mr. Puck.

Neither side was satisfied with that outcome, and so Ms. Amin and Mr. Puck have each appealed the court's order.  We have jurisdiction. *See* Fla. R. App. P. 9.130(a)(3)(C)(i).  Our review is de novo.  *See Concordia Lutheran Ministries v. Wills*, 359 So. 3d 396, 400-01 (Fla. 2d DCA 2023) ("When the trial court does not conduct an evidentiary hearing, our review of an order on a motion to dismiss for lack of

---

[1] WPE and Mr. Puck did not seek to strike Ms. Amin's attorney's affidavit (which was based on the attorney's "information and belief"), nor have they challenged its consideration by the court below; they argue here, as they did below, that it failed to satisfy Ms. Amin's burden.  We would further note that at the time of the hearing on the motion to dismiss, the parties had yet to conduct any substantial jurisdictional discovery.

personal jurisdiction is strictly de novo." (first citing *Stonepeak Partners, LP v. Tall Tower Cap., LLC*, 231 So. 3d 548, 552 (Fla. 2d DCA 2017); and then citing *Rautenberg v. Falz*, 193 So. 3d 924, 928 (Fla. 2d DCA 2016))).

As we held in *Straub, Seaman & Allen, P.C. v. Ellis*, 397 So. 3d 763, 766 (Fla. 2d DCA 2024):

> "Before a Florida court can exercise personal jurisdiction over a nonresident defendant, a two-stage inquiry is conducted." [*Kountze v. Kountze*, 996 So. 2d 246, 251 (Fla. 2d DCA 2008).] In the first stage, a trial court must determine whether there are sufficient jurisdictional facts to support long-arm jurisdiction pursuant to section 48.193, Florida Statutes (2021). *Id.* In "the second stage, a constitutional inquiry is conducted to determine whether sufficient minimum contacts exist between the forum state and the defendant to satisfy the due process requirement that a nonresident defendant 'should reasonably anticipate being haled into court' in Florida." *Id.* (quoting *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989)).

The seminal case of *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502-03 (Fla. 1989), explains how trial courts should resolve disputes over personal jurisdiction:

> A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. [*Elmex Corp. v. Atl. Fed. Savs. & Loan Ass'n*, 325 So. 2d 58, 62 (Fla. 4th DCA 1976).] In most cases, the affidavits can be harmonized, and the court will be in a position to make a decision based upon facts which are essentially undisputed. However, the question remains with respect to what should be done if the relevant facts set forth in the respective affidavits are in direct conflict. . . .
>
>     . . . .

4

> It is evident that these affidavits cannot be reconciled. . . . Therefore, *we hold that in cases such as this, the trial court will have to hold a limited evidentiary hearing in order to determine the jurisdiction issue.*

(Emphasis added.) *See also Teva Pharm. Indus. v. Ruiz,* 181 So. 3d 513, 521 (Fla. 2d DCA 2015) ("[A]n evidentiary hearing under *Venetian Salami* resolves the factual disputes necessary to determine jurisdiction pursuant to section 48.193 as well as whether minimum contacts exist to satisfy due process concerns." (alteration in original) (quoting *Dev. Corp. of Palm Beach v. WBC Constr., L.L.C.,* 925 So. 2d 1156, 1160 (Fla. 4th DCA 2006))); *cf. Level 8 Mgmt., Inc. v. Wildflower Legacy & Wealth Plan., LLC,* 395 So. 3d 590, 595 n.4 (Fla. 2d DCA 2024) ("The trial court properly held an evidentiary hearing because Level 8 and Pierre disputed, via affidavits, that they were carrying on a business or business venture within the State of Florida.").

From our de novo review and given what has been alleged in the operative complaint and the arguments that have been raised thus far, there is a conflict between these affidavits such that the circuit court should have convened an evidentiary hearing to resolve the question of personal jurisdiction. That question, again, turns on whether there are sufficient jurisdictional facts to support long-arm jurisdiction under section 48.193 and whether there are sufficient minimum contacts between the out-of-state defendants and the State of Florida to satisfy due process under the constitution. *See Venetian Salami,* 554 So. 2d at 502; *Ellis,* 397 So. 3d at 766.

Accordingly, we reverse and remand for the circuit court to hold an evidentiary hearing. The court should also consider allowing the parties' limited jurisdictional discovery before commencing that evidentiary hearing. *Cf. Gleneagle Ship Mgmt. Co. v. Leondakos,* 602 So. 2d 1282,

5

1284 (Fla. 1992) ("We adopt the federal courts' policy allowing discovery on questions of jurisdiction because limited discovery in such instances will provide the trial court with additional information on which to base its decision regarding jurisdiction."); *Rizack v. Signature Bank, N.A.*, 267 So. 3d 24, 25 (Fla. 4th DCA 2019) ("Taking the contents of the affidavits as true, we find that they could not be sufficiently harmonized to provide the trial court with the ability to make its decision based solely upon the affidavits.  Thus, we reverse and remand for the trial court to allow the parties to conduct *limited* jurisdictional discovery to be presented via affidavit or at an evidentiary hearing." (citations omitted)).

Reversed and remanded with instructions.

VILLANTI and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.